Peelle, J.,
delivered the opinion of the court:
The claimant seeks to recover under the act of June 10, 1890, ch. 407, sec. 12 (26 Stat. L., p. 136), the salary as general appraiser of merchandise from May 15 to November 1, 1899; and bjr his action questions the right of the President of the United States to remove him from said office without first having ascertained and assigned as his reasons therefor some one or more of the grounds set forth in said section.
*41 That part of the section material to the question reads:
“That there shall be appointed bjr the President, by and with the advice and consent of the Senate, nine general appraisers of merchandise, each of whom shall receive a salary of seven thousand dollars a year. Not more than live of such, general appraisers shall be appointed from the same political partju They shall not be engaged in any othei business, avocation, or emplojnnent, and may be removed from office at any time by the President for inefficiency, neglect of duty, or malfeasance in office. * * * ”
Story on the Constitution, vol 2, sec. 1531, 4th ed., says:
“ * * * As, however, the tenure of office of no officers, except those in the judicial departments, is, by the Constitution, provided to be during good behavior, it follows, by irresistible inference, that all others must hold their offices during pleasure, unless Congress shall have given some other duration to their office. * * * ”
The claimant’s contention is, that while ho concedes the power of the President to remove appraisers from office at any time for the causes specified in the act, he at the same time insists that “if neither inefficient, neglectful, nor guilty of misdoing in office, they were not to be removed by the President at any time. That .is, there was to be no removal, by anj^ power — the President alone, or with the concurrence of the Senate — except for cause, upon one or the other of the specified grounds.”
In the case of Parsons v. The United States (167 U. S., 324, 343), affirming the judgment of this court (30 C. Cls. R., p. 222) where a district attorney had been appointed under Kevised Statutes, section 169, for a term of four years, it was ruled that the repeal of the tenure-of-office act, March 2, 1861, “ was again to concede to the President the power of removal if taken from him by the original tenure-of-office act, and by reason of the repeal, to thereby enable him to remove an officer when in his discretion he regards it for the public good, although the term of office may have been limited by the words of the statute creating the office.”
The claimant’s counsel, however, contends that the statute under which the district attorney was appointed for the term of four years “was not intended to restrict removals,” while *42 the statute under which the claimant was appointed “was so intended,” and for that reason, he says, the Parsons case has no application.
Conceding that the purpose of the act was to restrict the President in the exercise of his power of removal to the causes specified therein, it does not follow that before he can act he must assign such cause as the basis of his action, nor does the statute so provide.
Under the act it is for the President alone to determine whether one of the specified causes furnishes a basis for his action. No method of procedure for that purpose or notice thereof to the claimant is prescribed in the statute. Hence, the method of ascertaining such causes is within the discretion of the President, and that being so, no legal liability attaches to the Government for the failure of the President to assign the particular statutory cause for his action.
The claimant had been informed through the Secretary of the Treasury, as set forth in finding iii, that “the President deems it his duty to make some changes in the personnel of the Board of General Appraisers,” and to that end the claimant was requested to tender his resignation, which he declined to do, and thereafter he was removed.
The changes which “the President deems it his duty to make” the court must assume were such as the law imposed upon him; and having followed that duty by the removal of the claimant and the appointment, with the concurrence of the Senate, of his successor, it must be presumed that the President was guided by the statute in respect to the causes for which the claimant was removed, though no particular cause therefor was assigned, and that therefore the claimant ceased to be an officer under that statute.
This construction, while it gives force to the statute, at the same time recognizes the power of the President, as the chief executive head, to remove from office at any time an ofBeer thereunder whenever in his judgment the causes specified therein exist, without having to assign his reasons therefor.
The petition is therefore dismissed.