Peelee, Ch. J.,
delivered the opinion of the court:
The claimant herein was duly appointed by the Public Printer in the Government Printing Office at $6.40 per diem *514 in what is known as the classified service. On May 14,1903, he was suspended from the position of assistant foreman of the branch bindery of that office until such time as final action should be taken in the case, of which he was advised, together with the reasons therefor. ,
May 18, 1903, the claimant was notified by the Public Printer that his services would not be required in that office after the expiration of any leave of absence which might be found due him; and thereafter he was dismissed from the service.
The claimant being within what is known as the classified ■ service, his suspension and subsequent discharge were reported to the Civil Service Commission, and they held that he was improperly discharged; and thereafter, on July 13, 1903, he was ordered to be reinstated by the President, which was done, and he reported for duty July 27,1903.
The action is brought to recover the amount of pay ($6.40 per day) from the time he was so suspended or discharged.
The claimant’s contention is that his suspension and subsequent discharge were illegal and in violation of section 2 of rule 12 of the civil-service act, which reads:
“ No person shall be removed from a competitive position except for such cause as will promote the efficiency of the public service, and for reasons given in writing, and the person whose removal is sought shall have notice and be furnished a copy thereof, and be allowed a reasonable time for personally answering the same in writing; but no examination of witnesses nor any trial or hearing shall be required, except in the discretion of the officer making the removal. Copy of such reasons, notice, and answer, and of the order of removal shall be made a part of the records of the proper department or office, as shall also the reasons for any change in rank or compensation, and the commission shall, upon request, be furnished with copies of the originals thereof.”
It is conceded that the power of the appointment of employees in the Government Printing Office rests with the Public .Printer, and therefore removal is incident to the power of appointment. Whether the claimant was rightfully or wrongfully discharged is not for the court to determine, as the discretion is lodged in the Public Printer to discharge or suspend when, in his judgment, such suspension' *515 or discharge will promote the efficiency of the public service, of which he is sole judge, subject to the rules prescribed by the President through the Civil Service Commission, and to whom he is amenable for his conduct in such matters. As the result of the action of the commission the President ordered that the claimant be reinstated.
As the power of appointment rests with the Public Printer, and he suspended and discharged the claimant, the court must presume, since he has acted, that such suspension and removal, in the absence of fraud, were to promote the efficiency of the public service, and the court can not, therefore, go behind his act.
In the case of Keim v. United States (177 U. S., 290, 292), affirming the decision of this court (33 C. Cls. R., 174) respecting the discharge of an honorably discharged soldier who had passed the civil-service examination, but who was discharged because his rating was “ inefficient,” the Supreme Court said:
“ It has been repeatedly adjudged that the courts have -no general supervising power over the proceedings and action of the various administrative departments of Government. Thus, in Decatur v. Paulding (14 Pet., 497, 515), in which was presented the question of the right of the Circuit Court of the District of Columbia to issue a writ of mandamus to the Secretary of the Navy to perform an executive act not merely ministerial, but involving the exercise of judgment, it was said by Chief Justice Taney: ‘ The court could not entertain an appeal from the decision of one of the Secretaries, nor revise his judgment-in any case where the law authorized him to exercise discretion or judgment. Nor can it by mandamus act directly upon the officer and guide and control his judgment or discretion in the matters committed to his care in the ordinary discharge of his official duties. * * * The interference of the courts with the performance of the ordinary duties of the executive departments of the Government would be productive of nothing but mischief; and we are quite satisfied that such a power was never intended to be given to them.’ ”
• It was therefore in substance held that the removal of the claimant in that case on account of inefficiency was “ beyond review in the courts either by mandamus to reinstate him or by compelling payment of salary as though he had' not been removed.”
*516 In the case of Shurtleff v. United States (189 U. S., 311), affirming this court (36 C. Cls. R., 34), where the claimant had been appointed by the President under an act of Congress which provided for removal at any time for inefficiency, neglect of duty, or malfeasance in office, the court held that if removal were made for either of these causes the claimant would have been entitled to notice and hearing, but that if the President saw fit to remove him without giving such notice it was presumed that the removal was not made for either of said causes; that the President’s pcfwer of removal was not limited to the causes specified in the act, but that he might remove outside of said causes under his general power of removal. This, of course, has reference to the power of the President, to whom the Public Printer is responsible for his action under the civil-service rules promulgated for the guidance and action of administrative officers.
. In the case of Lellmann v. United States (37 C. Cls. R., 128), where a clerk in the office of the surveyor-general had been suspended without charges being preferred and the suspension was revoked by the Commissioner of the General Land Office and' his reinstatement ordered, the, court held that the revocation invalidated the suspension and entitled the clerk to recover the salary of his office during the period of suspension, but that where he was suspended and charges preferred and the Commissioner of the General Land Office investigated the charges and ordered that the suspension be made permanent, the action of the commissioner was in legal effect a dismissal and was not subject to judicial review.
In the case of United States v. Wickersham (201 U. S., 390), affirming the judgment of this court, the court held in substance that a stenographer receiving a specified salary in the office of the surveyor-general could not be removed by that officer, a subordinate, without just cause and upon written charges, and that until removed in accordance with the law and rules thereunder, he was, so long as he was ready and willing to discharge the duties of his office, entitled to the compensation provided therefor. That is to say, “ where an officer is wrongfully suspended by one having no au *517 thority to make such an order, he ought to be, and is, entitled to the compensation provided by law during such suspension.” But where he is suspended or discharged by “ some duly authorized public authority ” he is not entitled to pay.
In these cases the surveyor-general had no authority to discharge without the consent of the Commissioner of the General Land Office or the Secretary of the Interior.
In the recent case of Buehring v. United States (ante, p. 404), where a postmaster had suspended a letter carrier
with the approval of the First Assistant Postmaster-General, the court held that that did not operate to discharge the carrier, for the reason that the power of removal was incident to the power of appointment, and that as the appointment of the carrier was lodged in the Postmaster-General he alone could discharge.
Here, though, the cause assigned for the removal of the ■ claimant was not, in the opinion of the Civil Service Commission, such as would promote the efficiency of the public service; still, as that question, in the absence of fraud, rests within the discretion of the Public Printer, subject to executive regulations, the court is without power to review, especially since the claimant was a per diem employee and not an officer, and performed no service during the time for which he claims.
Petition dismissed.