Whitaker, Judge,
delivered the opinion of the court:
Plaintiff moves for a rehearing, alleging that the opinion and judgment of the court dismissing her petition was contrary to law. She also asks leave to amend her petition so as to assert rights under Revised Statutes 161, 5 U. S. C. 22, which gives to the head of each department of the United States Government the authority to prescribe regulations for the conduct of its officers and employees. She alleges that the regulations of the War Department were issued pursuant to the authority of this statute, and that since these regulations were not observed, she is entitled to a judgment.
This position cannot be sustained. Many regulations are issued by the various departments governing their personnel for the guidance of the officers and agents in the departments, but the violation of them creates no right of action in the employee. Only Congress can create a right of action against the United States. This principle is recognized and relied on in the cases cited below.
On January 16, 1888 (22 Stat. 403), Congress passed the Civil Service Act, which created the Civil Service Commission, and which provided for the appointment of employees of the Federal Government after competitive examination. It contained no reference to removals from office, except in section 13, which prohibited the discharge or demotion of any officer or employee, but only for this reason, — “for giving or withholding or neglecting to make any contribution of money or other valuable thing for any political purpose.” However, pursuant to the authority therein granted to make “suitable rules for carrying this Act into effect,” the President, through the Civil Service Commission, promulgated a rule providing for a probationary period of six months before a permanent appointment in the Civil Service. Whether or not this rule gave to the plaintiff, a probationary appointee, who was suspended prior to the expiration of six months, a right of action against the United States, was before the court in Ruggles v. United States, 45 C. Cls. 86. *559 The Court, in an opinion by Chief Justice Peelle, said on pages. 88-89:
* * * Such rules, though effective to regulate the conduct of subordinates subject to executive authority, may at the will of the Executive be rescinded; consequently it has been held that no vested right is acquired oy the incumbent of an office by virtue of such regulation. (Carr v. Gordon, 82 Fed. Rep., 373, 379; Page v. Moffett, 85 Fed. Rep., 38-40.)
Paragraph 4 of section 2 of the civil-service act of January 16, 1883 (22 Stat. L., 403), provides for “a period of probation before any absolute appointment or employment” is made; and therefore it may be said that the executive regulation fixing the probationary period at six months has the force of law; yet neither the statute nor the regulation can be construed to bind the Government to retain in its employ an appointee who is found inefficient.
The civil-service act does not prescribe the tenure of office, nor was it intended to restrict the Executive in his power of removal or discharge of an officer subject to his appointment, except as provided by section 13, which in substance provides that no officer shall be discharged, promoted, or degraded for giving, withholding, or neglecting to make contributions for political purposes. This was the view of Circuit Judge Lurton in the case of Morgan v. Nunn (84 Fed. Rep., 551, 552), which was an action to enjoin an internal-revenue collector from the removal of a clerk in the classified service for political reasons, in respect to which the court, among other things, said: “It is now well settled that, in the absence of constitutional or statutory regulation, the power of appointment carries with it, as an incident, the power to remove. This was first authoritatively determined in respect to appointments vested by the Constitution, or by acts of Congress, in the President, judges of United States courts, and heads of departments, in the case reported as In re Hennen (13 Pet., 230), the question there being as to the power of a district judge to remove a district court clerk. The doctrine in that case was followed in an elaborate opinion in Parsons v. United States (167 U. S., 324).”
In William A. Miller v. United States, 45 C. Cls. 509, a printer had been discharged by the Public Printer and later reinstated, pursuant to a finding of wrongful discharge by the Civil Service Commission. He sued for his salary dur *560 ing the time of his suspension, alleging that his suspension was in violation of the regulation prohibiting removal except “for such cause as will promote the efficiency of the service, and for reasons given in writing,” and after an opportunity to answer. The court dismissed his petition, saying that the Public Printer had the power of removal, notwithstanding the quoted regulation, and that the court could not go behind his act.
In Morgan v. Nunn, 84 Fed. 551, Mr. Justice Lurton, then Circuit Judge, also considered the power of removal after the passage of the Act of January 16, 1883. Of this Act he said:
The Act of January 16, 1883, commonly called the “Civil Service Act,” deals in no direct way with the tenure of office of those persons then, or who might thereafter be, included within the classified service. Nor does it make any declaration expressly bearing upon the subject of removals from office, except in the single provision found in the thirteenth section, which prohibits any promotion, degradation, removal, or discharge of any officer or employe for giving or withholding or neglecting to make any contribution of money or other valuable thing for any political purpose. It is now well settled that, in the absence of constitutional or statutory regulation, the power of appointment carried with it, as an incident, the power to remove. This was first authoritatively determined in respect to appointments vested by the constitution, or by act of congress, in the President, judges of United States courts, and heads of departments, in the case reported as In re Hennen, 13 Pet. 230; the question there being as to the power of a district judge to remove a district court clerk. The doctrine of that case was followed, in an elaborate opinion, in Parsons v. United States, 167 U. S. 324, 17 Sup. Ct. 880. The civil service act prescribes no tenure of office, and does not deny the power of removal, except in the particular mentioned. The executive rules in force prior to November 2, 1896, in no way undertook to regulate removals; and it is a part of the history of the country that removals were constantly made, at the will of the appointing power, down to the promulgation of the amended rules of November 2, 1896, and those of July 27, 1897.
Pie then quoted the rule promulgated by the President on July 27, 1897, reading:
*561 No removal shall be made from any position subject to competitive examination, except for just cause, and upon written charges filed with the head of the department, or other appointing officer, and of which the accused shall have full notice, and an opportunity to make defense.
Of this rule he said:
It is said that the civil service rules, so far as they deny the unrestrained power of removal, are not the law of the land, but are mere executive orders, dependent for their force upon the vigilance and earnestness of the chief executive in compelling his appointees to regard and obey regulations voluntarily imposed by him as a regulation by the appointing power of its otherwise unrestrained liberty of removal. To this contention I am constrained to yield my assent. These rules regulating the power of removal were made by the president, and may be repealed, altered, or amended at his pleasure. Prior to November 2, 1896, no such restraints existed; and, if after that date they came into force, it was alone by virtue of an executive order. Law is not thus enacted, altered, or amended. Law must be an expression of a rule of action by the legislative authority. These civil service rules, so far as they deal with the executive right of removal, — a right which is but an incident of the power of appointment,- — are but expressions of the will of the president, and are regulations imposed by him upon his own action, or that of heads of departments appointed by him. He can enforce them by requiring obedience to them on penalty of removal. But they do not give to the employes within the classified civil service any such tenure of office as to confer upon them a property right in the office or place.
The only restriction on the power of removal contained in the Act of January 16,1883, is removal for political reasons. Although the President undertook to prohibit removals, except for just cause, and upon notice, and with an opportunity to make defense, the courts have nevertheless held that this regulation conferred no property right on the employee, and that the rule was enforceable only by the President himself, and conferred no rights on the employee which could be enforced in court. In addition to the above cases, it was so held in Carr v. Gordon, 82 Fed. 373; Flemming v. Stahl, *562 83 Fed. 940; and Page, et al. v. Moffett, 85 Fed. 38. See the opinions in each of these cases.
In United States v. Wickersham, 201 U. S. 390, there was involved the removal of an employee by a subordinate officer who had no authority to do so. His removal had not been approved by the head of the department, but, on the contrary, had been criticized by him; the court did not decide what his rights would have been had he been discharged by the head of the department. It said, at page 399:
Whether he could have been summarily removed or suspended by the President or other competent authority is not the question now before the court, but the question is whether the employe during his wrongful suspension by a _subordinate officer is entitled to the compensation provided by law.
This court in Ruggles v. United States, supra, said that the Wichersham case was not applicable to the removal of a probationary appointee by competent authority before the probationary period, fixed by the Civil Service Commission regulation, had expired, and that such removal gave the employee no right of action in court.
Except for the Act of January 16, 1883, prohibiting discharges for political reasons, the only Act which gives to a non-veteran employee a right of action for á wrongful discharge is the Lloyd-LaFollette Act of August 24, 1912, 5 U. S. C. 652. This Act provides that no employee in the classified civil service shall be discharged except for the good of the service, and after a certain procedure has been followed. A violation of this statute creates a right in an employee, for the violation of which the United States is liable. But in Nadelhaft v. United States, 132 C. Cls. 316, we held that since the prohibition against removal, except for cause, applies only to employees in the classified civil service, a probationary employee was not entitled to its protection, since he was not in the classified civil service until he had served out his probationary period. Since this Act has not been violated, and since plaintiff in the instant case has not been discharged for political reasons, she has no right of action against the Government.
*563 Neither the Act of January 16, 1883, nor the Act of August 24,1912 restricted the power of removal of persons not in the civil service; and, hence, no regulation that was designed to do so could confer on such a person a vested right to his position, for the deprivation of which he had a right of action against the United States. See cases cited supra.
Plaintiff files a motion to amend her petition so as to claim rights arising under E. S. 161, instead of the Lloyd-LaFol-lette Act of 1912. Since, in our opinion, plaintiff acquired no rights under E. S. 161, it would be futile to allow the amendment of her petition so as to claim rights thereunder.
For these reasons the motions for leave to amend her petition and for a rehearing are denied.
It is so ordered.
Laramore, Judge; and JoNes, Chief Judge, concur.