STATE OF IOWA, Appellee, v. FRANK PLEW, Appellant.

FEBRUARY 5, 1929.

*G. C. Stuart,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *J. D. Threlkeld,* County Attorney, for appellee.

KINDIG, J.—On September 1, 1927, the grand jury of Lucas County returned an indictment against the defendant-appellant. The particular charge against him is described in that instrument as "bootlegging," committed on or about the 29th day of July in said year. Appellant is alleged to have thus transgressed by carrying

on his person and in a motor vehicle intoxicating liquors, with the intent to dispose of the same, through gift or otherwise, in violation of law. Under that accusation, appellant was found guilty by a jury. His complaint on this appeal is confined to two propositions. They are: First, that the evidence was insufficient to support the conviction; and second, that certain testimony was inadmissible. These assignments will be considered in the order made.

I. Was the proof sufficient? Circumstantial, as well as direct, evidence is adequate to support the verdict of the jury. See *State v. Japone*, 202 Iowa 450; *State v. Grba*, 196 Iowa 241.

To sustain its charge, the State offered the following testimony: Bert Myers was addicted to the use of intoxicating liquors. He, with his wife, Mable Myers, operated a general store and gasoline filling station in the east part of Chariton. This filling station was about ten feet from the building. One day, before the offense charged, the appellant came to the store in his automobile, and talked with Mr. Myers. Then, in the morning of July 28th following, the appellant again drove up to the store, and asked for Mr. Myers, who had gone up town to the barber shop. Nevertheless, appellant waited approximately half an hour. Myers did not return on that occasion, and appellant drove away in his automobile in the direction of the town's business section. About 9 o'clock on the night of the the same day, appellant once more appeared in front of of the store. Mrs. Myers was then in her home. She heard the automobile, and went down to the store. Shortly, Mr. Myers came to the store in a taxicab, while appellant was still waiting. Mr. Myers then went up to appellant's car; and the latter asked the former who was in the store. When informed that no one was there but the boy, appellant then handed Myers something wrapped up in a paper, which had the size, shape, and general appearance of a bottle. Thereupon, Myers paid appellant some money.

Those facts are all testified to by Mrs. Myers, who, at the time, was hidden but a few feet away, in the shadow of the building. Immediately, appellant drove away, and Myers went into the store, followed by Mrs. Myers. However, she did not see him unwrap the package. Yet, shortly thereafter, Myers came into the family living quarters, and immediately Mrs.

Myers found a bottle of alcohol in back of the range stove. Such bottle was taken into her possession, marked, and delivered to the sheriff. Upon analysis, it was found that the contents of the receptacle were intoxicating liquor.

John Myers, a son of the husband and wife before mentioned, corroborates his mother in many of her statements. During the day aforesaid, this boy saw appellant at the store, and heard the inquiries for Mr. Myers. Also, this witness saw his father and appellant conversing for about five minutes. While uptown, in the morning, John saw his father in the presence of appellant, and watched them go into a garage together. After arriving home, the father and son went after eggs, and the elder Myers took a bottle from his pocket and drank therefrom. Continuing, the witness said: "This was the morning before he [appellant] was there in the evening." None of these facts were controverted by appellant, nor did he offer any evidence in his own behalf.

Manifestly, there was presented in those facts and circumstances sufficient evidence to sustain the conclusion of the jury, and the trial court correctly overruled appellant's motion for a directed verdict and application for a new trial.

II. Error is assigned by appellant because the trial court permitted Mrs. Myers to testify that appellant, out at the car that night, passed a bottle to her husband. A belated exception was taken to the admission of this statement into the record. Reasons asserted for the inadmissibility were that she could not see the object designated as a bottle, due to the fact that it was wrapped in paper, and hence the interrogatory called for an opinion and conclusion. Taken alone, the complaint would be well founded, but under the record, it is without merit, because Mrs. Myers had previously testified that the package or object delivered by appellant to her husband was, in fact, a bottle. She did this without appellant's objection. Therefore, the question to which the objection was interposed amounted to no more, under the circumstances, than an inquiry as to whether or not the parcel previously identified (without objection) as a bottle was given Mr. Myers by appellant.

III. Further protest is asserted by appellant because the court allowed Mrs. Myers to answer another question alleged to

be objectionable. The effect of this inquiry was to ask the witness to compare the size, shape, and appearance of the object presented Mr. Myers by appellant with the bottle containing intoxicating liquor, found behind the stove.

That was not improper. In referring to said "object," the State called it a bottle. But the witness had so designated and identified it in her previous answers. Thus the question under consideration did no more than refer to the already established identity of the article. So it appears the alleged grievance is not well founded.

IV. Moreover, the objections, in both instances reviewed, came too late. They were interposed after the witness had made full response. Consequently, when it was time for Mrs. Myers to answer the inquiries, there was nothing upon which the court could rule. Her replies were properly made, in the due course of procedure. As a result, there were no objections to the questions when the responses were made thereto by the testifier. Apparently appellant elected to speculate on whether or not the witness's replies would be favorable or unfavorable. Under this record, he is bound by the result. *State v. Gibson*, 189 Iowa 1212; *State v. Christ*, 189 Iowa 474. See, also, *State v. Ostby*, 203 Iowa 333.

Wherefore, the judgment and decree of the district court is affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.