## LAMB v. UNITED STATES.
### No. 48808.

United States Court of Claims.
March 6, 1950.

James A. Murray, Washington, D. C., for plaintiff.

Donald B. MacGuineas, Washington, D. C., H. G. Morison, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Plaintiff entered the service of the Department of the Interior on December 16, 1939. On June 1, 1943, he acquired competitive civil service status as senior attorney through classification under the Ramspeck Act, 54 Stat. 1211, 5 U.S.C.A. §§ 631a and 631b. He was furloughed for military service on June 7, 1943, and was restored to duty in the Interior Department on December 3, 1945, after having been honorably discharged from the Army of the United States on October 13, 1945. On March 9, 1947, Plaintiff separated from his position in the Interior Department for transfer to The Alaska Railroad and received an appointment by transfer, effective March 10, 1947, under Schedule A (1) ix (Section 6.4 of the Regulations of the Civil Service Commission) [1] to the posi-

1. Title 5, Code of Federal Regulations, 1947 Supplement, page 250.

tion of counsel. In connection with this appointment, plaintiff executed an employment agreement with The Alaska Railroad with provided that his period of employment should be for one year unless either he and the Railroad mutually agreed that the employment be continued in excess of the year, or unless neither party took any action to terminate his services on completion of the one year, in which latter event plaintiff was to be considered a permanent employee of the railroad. Paragraph 5 of the agreement provided that the contract of employment might be terminated prior to one year without obligation on the part of the railroad for several reasons, including discharge of the employee for cause, such as excessive use of alcohol, among others. Paragraph 7 provided that Executive Orders, Acts of Congress, and Government regulations with respect to federal employment which affect the agreement should become a part thereof.

On January 12, 1948, the General Manager of The Alaska Railroad directed a memorandum to plaintiff stating that it was intended to make an investigation of reports that plaintiff had been drinking to excess and had engaged in an altercation in a public place, and requesting that plaintiff furnish full particulars of the incident by personal letter to the General Manager. On January 14, 1948, plaintiff replied to the General Manager refusing to provide the requested information on the ground that the incident referred to was a personal matter. On January 19, 1948, the General Manager notified plaintiff by memorandum that in view of plaintiff's refusal to furnish the requested information, he was giving him the alternative of resigning not later than January 21, 1948, the resignation to become effective with the close of business January 31, 1948, or of having his contract terminated on January 21, 1948. On January 21, 1948, plaintiff wrote the General Manager refusing to resign, and on the same date the General Manager replied to plaintiff's letter informing him that his contract was terminated as of the close of business on that day, January 21, 1948, for insubordination. On January 25, 1948, plain-

tiff wrote to the Solicitor, Department of the Interior, requesting an opinion as to the legality of his discharge in view of the procedural requirements of the Veterans' Preference Act of 1944, 58 Stat. 387, 5 U. S.C.A. § 863. On January 29, 1948, the Solicitor wrote plaintiff stating that he found it unnecessary to consider the legal point raised in view of the fact that the General Manager had determined to follow the rules of the Civil Service Commission in plaintiff's case. On the same date the General Manager wrote to plaintiff stating that his attention had been called to the Civil Service rules providing for a thirty-day advance notice of intent to discharge an employee and that accordingly the termination date formerly stated to be January 21, 1948, was amended to be February 20, 1948. The letter further stated that because it had been determined that plaintiff's retention in active-duty status would be detrimental to the interests of the Government, and because plaintiff had no annual leave accumulated, he would be suspended without pay until the close of business on February 20, 1948. The letter then stated that in accordance with the rules of the Civil Service Commission, plaintiff might have two weeks within which to answer personally and in writing the charges and notification of proposed adverse action, if he desired to do so. On March 2, 1948, plaintiff appealed his discharge to the Civil Service Commission and on March 15, 1948, the Commission ruled the plaintiff's separation was in violation of the provisions of Section 9.101 and .102 of the Regulations of the Commission, Section 14 of the Veterans' Preference Act of 1944, and Section 22 of the Commission's Regulations. The ruling pointed out that the Regulations and Section 14 of the Act required that a preference eligible receive two notices in connection with adverse action: (1) notice of a proposed action stating all reasons specifically and in detail, and (2) notice of an adverse decision, based on the matters referred to in the notice of proposed action and consideration of any answer thereto by the preference eligible. The Commission ruled that the notice of separation effective January 21, 1948, did not constitute a valid

notice of proposed action of discharge; that the letter of January 29, 1948, did not serve to correct such defect since plaintiff had already been separated; that in any event the letter of January 29 was not a valid advance notice of a proposed action of at least thirty days in connection with a discharge and that any answer on plaintiff's part would have been futile because of the previous separation. The Commission recommended that Mr. Lamb be restored to his position of counsel for a period of time equal to the time between his actual separation on January 21, 1948, and March 9, 1948, the date of the termination of one year's employment, with a reasonable notice of termination in the future as provided in his employment agreement. In compliance with the recommendation of the Civil Service Commission, plaintiff was restored to active duty on April 8, 1948, for the period called for in the ruling, and notice was given to him of the Railroad's decision to terminate his services as of May 25, 1948. On April 8, 1948, plaintiff filed a claim with the Director, Division of Territories and Island Possessions, Interior Department, for his salary for the period January 22, 1948, through April 7, 1948. Plaintiff's claim for salary was referred to the Solicitor of the Department of the Interior who wrote to plaintiff on May 13, 1948, informing him that in the opinion of the Solicitor, plaintiff was not entitled to the payment of compensation for the period between January 21 and April 8, 1948. Plaintiff concedes that $100 which he earned in private employment during the period from January 21 to April 8, 1948, should be deducted from the amount claimed in the event the court should award him that amount.

Plaintiff contends that under the authority of such cases as Wittner v. United States, 76 F.Supp. 110, 110 C.Cl. 231; United States v. Perkins, 116 U.S. 483, 6 S.Ct. 449, 29 L.Ed. 700, and Simon v. United States, 113 C.Cl. 182, he is entitled to recover his salary for the period during which he was wrongfully and illegally suspended from his duties.

The Government contends that the plaintiff is not entitled to recover, first, because he was a temporary employee and not within the coverage of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 851 et seq., and that even if he were considered a permanent or indefinite preference eligible as required by that Act, his discharge did meet the procedural requirements of Section 14 of that Act; second, because even if plaintiff was discharged in violation of the Act, his damages have been completely mitigated by defendant's permitting him to work at the same position during an extended period of time equivalent to that during which he was terminated.

With respect to its first contention, defendant argues that the Civil Service Commission was in error in ruling that plaintiff's discharge was not in compliance with the Veterans' Preference Act of 1944 and the Civil Service Regulations relating thereto. Defendant assures us that the question as to whether there was compliance with the Act is a "pure question of law" and that since Congress has not provided that rulings of the Civil Service Commission on such legal issues shall be given any particular conclusiveness or weight,[2] it is proper for this court to exercise its own independent judgment on this legal issue.

Defendant points out that Section 14 of the Veterans' Preference Act, which prescribes the required procedure to be followed in discharging for cause a preference eligible is applicable only to a "permanent or indefinite" preference eligible; that the Act does not define the qualifications "permanent" or "indefinite," and that the Act's legislative history does not throw any light on the question. Defendant then concludes that since plaintiff merely had a one-year contract of employment, he can hardly be considered "permanent" or "indefinite" preference eligible. The Federal Personnel Manual, which contains procedures and

---

2. Public Law 325, 80th Cong., 1st Sess., approved August 4, 1947, amending Section 14 of the Veterans' Preference Act, provides that "it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends."

guides for the administration of Section 14 of the Veterans' Preference Act, and which defendant seems to consider a reliable guide in these matters, contains the following definitions:[3]

"*Employee, permanent.*—An employee who has completed a probationary period after appointment under the civil service rules or regulations; or one given an appointment under an authority not requiring a probationary period and not limited to a certain time nor specifically designated as indefinite.

"*Employee, indefinite (war service).*—An employee appointed under the war-service regulations for a period in excess of one year but not exceeding the duration of the war and six months thereafter. The term as used in this chapter includes persons who served at some time under a war-service indefinite appointment and have since been employed without break in service of 30 days or more.

"*Employee, temporary (civil service rules), * * * On and after May 1, 1947.*—An employee appointed under section 2.114 of the Commission's regulations." [4]

"*Employee, temporary (temporary civil service regulations).*—An employee appointed under Temporary Civil Service Regulation VIII for the duration of the job, or pending the regular filling of the vacancy, or pending the establishment of a register.

"*Employee, temporary (war service).*—An employee appointed under the war-service regulations for a period specifically limited to one year or less."

Inasmuch as Section 14 of the Veterans' Preference Act relates to veterans who are employees in the Federal service, we suppose the above definitions are applicable to the expressions "permanent" and "indefinite" as used therein, in the absence of any definitions to the contrary.

But what about plaintiff? Defendant says that because he is serving under a contract for one year's employment, he cannot be considered either a permanent or indefinite preference eligible (defendant admits plaintiff is a "preference eligible"), and that furthermore plaintiff is additionally excluded from the application of the Act because he has not completed "one year of current continuous employment" in his job which was one excepted from the competitive service.

Part 22 of the Civil Service Regulations relating to appeals of preference eligible under the Veterans' Preference Act provides in pertinent part as follows:

"§ 22.1 *Applicability of regulations.* (a) *Coverage.*—The regulations in this part shall govern appeals to the Commission by permanent and indefinite preference eligible employees from adverse decisions of administrative officers of the Federal Government and the Government of the District of Columbia, more specifically defined hereinafter.

"(1) *Employees covered.* Employees affected are permanent and indefinite preference eligible employees who have completed a probationary or trial period in positions under the Civil Service Rules or War Service Regulations, *or* one year of current continuous employment in positions excepted from the competitive service, in the service of any establishment, agency, bureau, administration, project or department created by acts of Congress or Presidential order or in the service of the District of Columbia. [Italics supplied.] * * *"

As to plaintiff's status at the time of his discharge, the parties agree that he was a "preference eligible." We have found, and the parties also seem to agree, that plaintiff had acquired competitive civil service status under the Ramspeck Act and thus, we think he became a "permanent" employee within the meaning of the Civil Service Regula-

3. Federal Personnel Manual, pages R4-3 and R4-4.

4. Section 2.114 provides for the authorization by the Civil Service Commission of a temporary appointment to continue only for such period as may be necessary to make appointment through certification, or where there is work of a temporary character, at the completion of which the services of an additional employee will not be required.

tions and Section 14 of the Veterans' Preference Act. We do not believe he lost that status when, on March 9, 1947, he was separated from his position as senior attorney in the Department of the Interior for immediate transfer effective the following day to the position from which he was later discharged.

Plaintiff's position with The Alaska Railroad was what is known as an "excepted" position under Schedule A of the Civil Service Regulations. Part 6 of those regulations deals with such positions and provides in part as follows: "(a) Because of their confidential or policy-determining character, or because it is not practicable to make appointments thereto through competitive examination, the positions named in Schedules A and B, set out in § 6.4 shall be excepted from the competitive service. * * *"

What, then, happens to the rights of a person who is a permanent employee having competitive status, on being transferred to a position excepted from the competitive service? With respect to nonveterans, Part 6 of the Regulations provides: "(f) Whenever any position in Schedule A or B (§ 6.4) is occupied by a person having a competitive status, he shall be separated from such position only in accordance with the provisions of this order and the Civil Service Rules and Regulations. * * *"

Part 9 of the Regulations, dealing with separations from Government service, provides, with respect to nonveterans, as follows: "9.101 (1) Employees serving under other than a probational or temporary appointment in the competitive service, *and employees having a competitive status who occupy positions in Schedule* A and B, shall not be removed or demoted except for such cause as will promote the efficiency of the service and in accordance with the procedure described in § 9.102." [Italics supplied.]

Section 9.102 then sets forth the procedure to be followed in discharging a nonveteran for cause, and 9.105(b) provides for an appeal to the Civil Service Commission.

From the above, it appears that a *non-veteran* government employee who has competitive status and who occupies an excepted position, can only be separated from such excepted position in accordance with Civil Service Rules and Regulations *regardless of the length of time he has served in such excepted position at the time of his discharge.* According to defendant's logic, a veteran (preference eligible) who has acquired competitive status and is serving in an excepted position may be summarily separated therefrom without benefit of the procedures set forth in the Civil Service Regulations or in Section 14 of the Veterans' Preference Act, *if he has not completed one year of current continuous employment in the excepted position.* Fortunately for plaintiff, veterans have received special mention in the Regulations. Part 9 of the Regulations dealing with separations of persons, among others, having a competitive status and occupying a position in Schedule A, provides in section 9.102, as follows: "(2) *Removal or other actions affecting veterans.*—The regulations governing appeals to the Commission under section 14 of the Veterans' Preference Act (Part 22 of this chapter) shall be followed in connection with the removal * * * of any veteran."

Defendant also refers us to Chapter S1 of the Federal Personnel Manual which covers separations from government service generally, and quotes the following parts in its brief relative to the scope of coverage of the Veterans' Preference Act:

"*Employees covered.*—The employees covered by the provisions of Part 22 of the Commission's regulations must be preference eligibles who are permanent or indefinite employees in positions in the Federal Government or the government of the District of Columbia, and must not be serving as follows:

*   *   *   *   *   *

"(b) In their first year of current continuous employment in positions excepted from the competitive civil service."

Defendant did not quote or consider subdivision (a) which reads in pertinent part as follows: "(a) * * * In connection

with the transfer of a preference eligible who had a competitive civil service status, or had completed a trial period, in the position from which transferred, the procedures of section 14 must hereafter be observed in a discharge * * * of the preference eligible in connection with the position to which transferred, and he will have the right of appeal under section 14 from the adverse action."

The quoted portions of (a) seem to us to be descriptive of plaintiff's situation.

■ From the above, we conclude that a government employee having competitive status and serving in an excepted position in Schedule A, must be separated from such position in accordance with the Civil Service Regulations regardless of the length of time he has occupied such excepted position, and that a preference eligible (veteran) having competitive status and serving in an excepted position must be separated therefrom in accordance with the provisions of Section 14 of the Veterans' Preference Act regardless of the length of time he had served in such excepted position. Therefore, since plaintiff's status during the period involved in this action was that of a preference eligible having competitive status and occupying an excepted position, he was entitled to the protection of Section 14 of the Veterans' Preference Act.

In connection with defendant's argument that the present case is distinguishable from the case of Norden v. Royall, D.C., 90 F. Supp. 834, because plaintiff's employment agreement herein expressly provided for a period of employment of one year to be extended only by mutual agreement of both parties to enter into a new contract at the end of that time, we call attention to that part of paragraph 2 of the contract which provides for the automatic conversion of plaintiff's position to a permanent one with the Railroad in the event neither party takes any action to terminate the contract. Instead of being a contract for a year or less, to us the contract seems to be one for an indefinite period with the option in either party to terminate prior to or at the conclusion of the first year.

■ ■ Next, defendant contends that, assuming plaintiff is entitled to the protection of Section 14 of the Veterans' Preference Act, his discharge was carried out in substantial compliance with such Act and the Civil Service Regulations. The Act and the Regulations require, among other things, that a preference eligible must be given a thirty-day notice of proposed action to discharge, which notice must set forth any and all reasons in detail for such proposed action; that the employee shall be given a reasonable time within which to answer personally and in writing the charges and notification of proposed adverse action. Next the employee is entitled to receive a notice of adverse decision based on the matters referred to in the prior notice and on any answer thereto made by the employee. On January 21, 1948, plaintiff was discharged according to a procedure peculiar to the General Manager of The Alaska Railroad. The reason given for the discharge was insubordination. On January 29, 1948, the General Manager again wrote to plaintiff, stating that the Civil Service Commission rules had been brought to his attention and that "Accordingly, the termination date, which my earlier letters stated to be January 21, is hereby amended to be February 20, 1948, thirty days from the date on which you were informed that the ground for your dismissal was insubordination * * *." Thus, the General Manager's manner of complying with the thirty-day notice of proposed action requirement, was to write to plaintiff a week after discharging him, and tell him that since the Regulations called for such notice, plaintiff should consider that he had received it on January 21st; that instead of being discharged on the 21st of January, he would be discharged on the 20th of February. We think that the General Manager's conception of compliance with the Regulations was—to borrow a term from defendant's brief—somewhat metaphysical. We are in complete accord with the Civil Service Commission's ruling that the letter of January 29 did not constitute a thirty-day notice of *proposed* adverse action and that there was a general failure on the part

of the Railroad to comply with the Civil Service Regulations applicable to plaintiff. Elchibegoff v. United States, 106 C.Cl. 541, 560.

Finally, defendant contends that even if plaintiff was discharged in violation of the Veterans' Preference Act, his damages have been completely mitigated by defendant's allowing him to work at the same position during an extended period of time equivalent to that during which he was suspended. Plaintiff's damage, insofar as this suit is concerned, consisted of not receiving the compensation which he would have been paid had he been allowed to work during the period of his wrongful suspension, and the measure of that damage is the amount he would have received had he been retained in his job during that period less any amount he might have earned elsewhere. Reinstating plaintiff after an eleven-week suspension and allowing him to work and earn his salary for a period equal to the period of his wrongful suspension, was compliance with the Civil Service Commission's recommendation to the Railroad, but did not make plaintiff whole. The cases cited by defendant in support of the rule that an offer by an employer to restore the wrongfully discharged employee to the same or a like position for a period equal to the balance of the term of the unexpired employment, completely mitigates the employee's damages and satisfies the employer's liability, are cases where the offer to restore the employee to his job, or one equally as good, was made either *before* the discharge (Wolf Cigar Stores Co. v. Kramer, Tex.Civ.App., 89 S.W. 995) or *immediately thereafter* (Dary v. The Caroline Miller, D.C.S.D., 36 F. 507) ; Flickema v. Henry Kraker Co., 252 Mich. 406, 233 N.W. 362, 72 A.L.R. 1046) and *before the employee had sustained any injury by reason of the discharge.* By the time Mr. Lamb was offered reinstatement, he had sustained the injury of loss of pay for eleven weeks and that loss has never been made up to him by defendant nor was his damage in any way mitigated by defendant's reinstating him. His return to his job on April 8 did not constitute a waiver of his right to recover damages for the time intervening from the date of his wrongful discharge on January 21, 1948.[5]

The compensation which plaintiff would have received had he been retained in the employ of The Alaska Railroad from January 22, 1948, through April 7, 1948, is $1,717.92, computed as set forth in our Finding No. 12. From that amount plaintiff concedes that there should be deducted the sum of $100 which he earned from private employment during that period.

On the facts and for the reasons stated, we are of opinion that plaintiff is entitled to recover $1,617.92 and judgment will be entered in favor of plaintiff for that amount.

It is so ordered.

