ROTH

v.

BROWNELL, Atty. Gen. et al.

Civ. No. 3943.

United States District Court, District of Columbia.

Dec. 15, 1953.

13. A stockholder in defendant company.

14. 15 P.S. § 2852–1011, subds. B and C, was not complied with.

Leo A. Roth, pro se.

Warren E. Burger, Asst. Atty. Gen., Edward H. Hickey, Donald B. MacGuineas and Roger G. Kennedy, Attys., Washington, D. C., for defendants.

KEECH, District Judge.

This case is before the court on cross motions for summary judgment.

The plaintiff seeks a judgment declaring that his separation from his position in the Department of Justice was unlawful and void because in violation of the Lloyd-LaFollette Act, 37 Stat. 555 (1912), as amended 62 Stat. 354 (1948), 5 U.S.C.A. § 652(a)[1] and not in conformity with § 9.102 of the Civil Service Regulations, 5 C.F.R. § 9.102[2], and directing

[1] "§ 652. * * * (a) No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. * * *"

[2] "9.102 *Procedure in separating, suspending, or demoting permanent and in-*

the defendants to restore him to his position as Trial Attorney GS-14 in the Department.

Plaintiff acquired a competitive civil service status on April 15, 1943, under the Ramspeck Act, 54 Stat. 1211 (1940), as amended 59 Stat. 666 (1945), 5 U.S.C.A. §§ 631a and 631b and Exec.Order No.8743 of April 23, 1941, 6 F.R. 2117.

On May 1, 1947, by Exec.Order No. 9830, 12 F.R. 1259, U.S.Code Cong. Service 1947, p. 1972, all attorney positions in the government service were placed on Schedule A as excepted from the competitive service. That order provided, however, that whenever such a position was occupied by a person having a competitive status, he should be separated from his position only in accordance with the Civil Service Rules and Regulations. Under the provisions of Exec.Order No.9973 of June 28, 1948, 13 F.R. 3600, U.S.Code Cong.Service 1948, p. 2658, and Exec.Order No.10440 of March 31, 1953, 18 F.R. 1823, U.S.Code Cong. and Adm.News 1953, p. 1000, it was specifically provided that the Civil Service Rules and Regulations should apply to removals from Schedule A positions, not of a primarily confidential or policy-making character, of persons who had competitive status. On June 25, 1953, by Exec.Order No.10463, 18 F.R. 3655, U.S.Code Cong. and Adm.News 1953, p. 1026, § 6.4 of the Civil Service Regulations was amended to provide that the Civil Service Rules and Regulations shall not apply to removals from positions listed in Schedule A.[3]

On June 29, 1953, the defendants, the Attorney General and Deputy Attorney General of the United States, notified plaintiff that his employment in the Department of Justice would be terminated as of July 31, 1953. This termination was effected without giving plaintiff a statement of the reasons for his removal or a hearing.

*definite employees.* (a) One of the following procedures shall be followed in connection with the removal, involuntary separation (other than retirement for age or disability), furlough in excess of 30 days, suspension, or demotion of any permanent or indefinite employee in the competitive service, unless he is serving a probationary or trial period, or any employee having a competitive status who occupies a position in Schedule A (§§ 6.101–6.149 of this chapter) or B (§§ 6.201–6.216 of this chapter) which is not of a primarily confidential or policy-determining character * * *.

"(1) *Actions against employees.* No employee, veteran or nonveteran, shall be separated, suspended, or demoted except for such cause as will promote the efficiency of the service and for reasons given in writing. The agency shall notify the employee in writing of the action proposed to be taken. This notice shall set forth, specifically and in detail, the charges preferred against him. The employee shall be allowed a reasonable time for filing a written answer to such charges and furnishing affidavits in support of his answer. He shall not, however, be entitled to an examination of witnesses, nor shall any trial or hearing be required except in the discretion of the agency. If the employee answers the charges, his answer must be considered by the agency. Following consideration of the answer, the employee shall be furnished at the earliest practical date with a written decision. If the agency determines that removal or other action is warranted, the employee shall be notified in the decision of the reasons for the action taken and its effective date * * *.

"The employee shall be retained in an active duty status during the period of notice of proposed action under this section except that in any case the employee may be placed on annual leave without his consent where the administrative office does not consider it advisable from an official standpoint to retain him in an active duty status during the advance notice period * * *."

3. Executive Order No. 10463 amended § 6.4 of Civil Service Rule VI to read:
   "§ 6.4. *Removal of incumbents of excepted positions.* Except as may be required by the Veterans' Preference Act, the Civil Service Rules and Regulations shall not apply to removals from positions listed in Schedules A and C or from positions excepted from the competitive service by statute. The Civil Service Rules and Regulations shall apply to removals from positions listed in Schedule B of persons who have competitive status, however they may have been or may be appointed."

The defendants contend that plaintiff's separation from his position was in conformity with Exec.Order No.10463, now in effect. It is the defendant's position that Exec.Order No.10463, in so far as it conflicts with Civil Service Regulation § 9.102 in its application to incumbents of Schedule A jobs who have competitive status, supplants § 9.102, and that 5 U.S.C.A. § 652(a) is not a statutory bar to the executive action taken in Exec. Order No.10463.

Plaintiff argues that his position did not become a Schedule A job on adoption of Exec.Order No.9830 of May 1, 1947, which placed attorney jobs within the Schedule A exception from the classified civil service, because this would have in effect removed him from the classified civil service without compliance with the provisions of 5 U.S.C.A. § 652(a). Although plaintiff concedes that civil service employees have no vested rights to their positions, he urges that a competitive status employee in a classified position acquires a statutory right to the removal procedures prescribed in 5 U.S.C.A. § 652(a), which cannot be divested by changing the classification of his position to a Schedule A excepted status.

■ The court does not construe 5 U.S.C.A. § 652(a) as vesting any such right. That statute accords the removal procedures there prescribed to persons in the "classified civil service of the United States." As stated by the Court of Appeals of this District in Bailey v. Richardson, 86 U.S.App.D.C. 248, 255, 182 F.2d 46, 53, "Status and service are different terms in civil service parlance. * * * A person is in the classified civil service when he has a competitive status and occupies a classified position in the executive branch of the Government." Under 5 U.S.C.A. § 631, R.S. § 1753, the President is given authority "to pre-scribe such regulations for the admission of persons into the civil service of the United States as may best promote the efficiency thereof." Under this general grant of authority he may determine whether positions shall be included or excepted from the classified civil service. There is no express limitation on this power. To hold that, although the President has authority to change positions from classified to excepted, such action cannot, by reason of § 652, affect any position occupied by an incumbent with competitive status, is to imply a limitation which would withdraw from the President's power to reclassify as excepted every position in the government occupied by a competitive status employee until the present incumbent resigned, retired, died, or was removed under charges pursuant to 5 U.S.C.A. § 652(a). Such a result is not warranted by the language of 5 U.S.C.A. § 652(a).

■ The court holds, therefore, that there is no statutory bar to reclassifying positions * as Schedule A excepted positions or to permitting summary removal of persons in such reclassified Schedule A positions without compliance with the provisions of 5 U.S.C.A. § 652 (a).[4]

■ Executive Order No.10463 is not ambiguous. It plainly states, "Except as may be required by the Veterans' Preference Act, the Civil Service Rules and Regulations shall not apply to removals from positions listed in Schedule A * * *." No exception is made with reference to incumbents having competitive status, as in the sentence which follows dealing with removals from positions listed in Schedule B, and as hitherto specifically provided in Exec.Orders No.8743, 9973, and 10440 as to Schedule A incumbents with competitive status.

---

4. Plaintiff cites Lamb v. United States, 1950, 90 F.Supp. 369, 116 Ct.Cl. 325, as holding that a permanent employee having competitive status, on being transferred to a position excepted from the competitive service, is entitled to removal rights under § 9.102 of the Civil Service Regulations. This decision was correct under the regulations then in force, which have now been changed by Exec. Order No.10463.

* Except such positions as may be covered by specific statute placing them under the classified civil service.

Furthermore, the letter of the Chairman of the Civil Service Commission dated June 16, 1953,[5] submitting for the President's approval the draft of order adopted as Exec.Order No.10463, clearly states the situation existing at that time, the policy behind the proposed order, and its purpose to withdraw from application of the Civil Service Rules and Regulations as to removal all Schedule A positions, regardless of the status of the incumbent.

Although Mr. John W. Macy, Jr., Executive Director of the Civil Service Commission, in a letter dated November 3, 1953, and addressed to the plaintiff, states that it was not intended that Exec.Order No.10463 should affect the removal rights of employees with competitive status who were appointed to Schedule A positions prior to their listing in Schedule A,[6] the unequivocal terms of the executive order and letter of transmittal are to the contrary.

The court, therefore, will grant the defendants' motion for summary judgment.

■ The court is aware that under its decision the statutory safeguard from summary removal relied on by a large number of government employees is held not to exist. The question of the desirability of this situation is not a matter for the court.

Counsel will submit promptly an appropriate order.

---

5. The letter of the Chairman of the Civil Service Commission to the President, dated June 16, 1953, reads in part:

"Attached for your approval is a proposed Executive order amending section 6.4 of Civil Service Rule VI. *Under this amendment the Civil Service Rules and Regulations will no longer apply to removals from positions listed in Schedule A of persons who have competitive status.* The Rules and Regulations will continue to apply to removals from positions listed in Schedule B of persons who have competitive status.

"Traditionally, the tenure of persons who occupy positions in Schedule A was not affected by the fact that an individual might possess civil service status. In recent years in Executive orders issued in 1947 and 1948, provision was made for the application of the Civil Service Rules and Regulations to removals from Schedule A positions of persons who have a competitive civil service status. A similar provision is contained in the current Civil Service Rule VI, which was issued in Executive Order No. 10440 of March 31, 1953.

"It seems to the Commission that the policy of the Administration under which the civil service system is to be maintained and strengthened can best be accomplished if the lines of demarcation between the competitive service and the excepted service are clearly drawn. * * * under the present provision of Rule VI there is not a clear-cut distinction between Schedule A positions and competitive positions on the one hand and Schedule A and Schedule C positions on the other hand.

"Schedule A positions are similar to Schedule C positions in that appointments to both may be made without examination by the Commission. Schedule A positions are similar to competitive positions in that the Civil Service Rules and Regulations apply to removals of incumbents who have a competitive civil service status. This dual character of Schedule A positions is undesirable * * *.

"In short, it is the Commission's view that before adequate provisions for the strengthening of the civil service system can be made the boundary lines for the competitive service must be clearly drawn. The proposed Executive order will more clearly define the limits of the competitive service * * *." (Emphasis supplied.)

6. Mr. Macy's letter of November 3, 1953, to Mr. Roth, reads in part:

" * * * the Commission has ruled that Executive Order 10463 of June 25, 1953, has no effect on the Commission's prior rulings with respect to incumbents of positions which are placed in Schedules A or C * * *. The purpose of Executive Order 10463 * * * was to take away from employees who had a competitive status and who were appointed to positions *after* the positions were listed in Schedule A the protection against removal under the Civil Service Regulations which had been given to them by Civil Service Rule VI (Executive Order 9830 as amended by Executive Orders 9973 and 10440) * * *."