### ROTH
#### v.
### BROWNELL, Jr., Attorney General of United States, et al.
#### No. 12126.

United States Court of Appeals
District of Columbia Circuit.

Argued June 9, 1954.

Decided July 16, 1954.

Certiorari Denied Oct. 25, 1954.

See 75 S.Ct. 89.

Mr. Herbert S. Thatcher, Washington, D. C., with whom Messrs. J. Albert Woll, James A. Glenn, and James M. Fallon, Washington, D. C., were on the brief, for appellant.

Mr. Donald B. MacGuineas, Attorney, Department of Justice, Washington, D. C., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Mr. Paul A. Sweeney, Attorney, Department of Justice, Washington, D. C., was on the brief, for appellees. Mr. Edward H. Hickey, Attorney, Department of Justice, Washington, D. C., entered an appearance for appellees.

Mr. Claude L. Dawson, Washington, D. C., filed a brief on behalf of The Federal Employees Veterans Association, Inc., as amicus curiae, urging reversal.

Before EDGERTON, PRETTYMAN, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

The plaintiff sued to be restored to a position, from which the defendants had removed him, as Trial Attorney GS–14 in the Department of Justice. He appeals from an order of the District Court which granted the defendants' motion for summary judgment and dismissed the complaint. Roth v. Brownell, D.C., 117 F.Supp. 362.

Plaintiff was removed from his position, as of the close of business July 31, 1953, by a letter dated June 29, 1953. He had been given no notice that his removal was contemplated. He was given no reasons. He had served in various attorney positions in the executive departments since 1938. He had become a member of the classified civil service April 15, 1943, under the Ramspeck Act, 54 Stat. 1211, 5 U.S.C.A. §§ 631a, 631b, and Executive Order 8743, April 23, 1941, 6 F.R. 2117. All this is undisputed.

The Lloyd-LaFollette Act, 37 Stat. 555 (1912), as amended, 62 Stat. 354 (1948), 5 U.S.C.A. § 652(a), provides: "No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. * * *" The question is whether the plaintiff could be removed legally, as he was actually, without compliance with these requirements.

In 1947, when Roth had been in the classified civil service about four years, Executive Order No. 9830 [U.S.Code Cong.Service 1947, p. 1972], was issued. It provides that the "positions named in Schedules A and B * * * shall be ex-

cepted from the competitive service. * * *" [§ 6.1] Schedule A includes attorneys. 12 F.R. 1259, 1263. It is agreed that "competitive service" and "classified civil service" are equivalent terms. But Order 9830 was apparently intended, when it was issued, not to apply to attorneys who, like Roth, were already in the classified civil service. Until the District Court decided this case, the Civil Service Commission interpreted Order 9830 as not applying to these attorneys.

The defendants assume, without directly asserting, that the plaintiff was not "removed" from the classified civil service in 1947 when Order 9830 "excepted" such "positions" as his from that service. But despite that assumption, the defendants say that by reason of Order 9830 the plaintiff ceased to be "in the classified civil service", with the result that he was not "removed" from it in 1953 either, and that there was therefore no need to comply with the Lloyd-LaFollette Act in removing him from the position he held in 1953. This is a paradox. Roth was once in the classified civil service, did not leave it voluntarily, and is now out of it. It follows that he was removed from it. We think he was removed from it in 1953. But whether he was removed from it in 1947 or in 1953 there was no compliance with the Lloyd-LaFollette Act. Neither the formula of "excepting" the kind of position a person holds, nor any other formula, can obviate the requirement of the Lloyd-LaFollette Act that "No person in the classified civil service of the United States shall be removed * * * therefrom" without notice and reasons given in writing. The power of Congress thus to limit the President's otherwise plenary control over appointments and removals is clear.

It is immaterial here that the President has long been "authorized to prescribe such regulations for the *admission* of persons into the civil service of the United States as may best promote the efficiency thereof * * *." 16 Stat. 495, R.S. § 1753, 5 U.S.C.A. § 631. (Emphasis added.) Complete control over admissions does not obviate the removal requirements of the Lloyd-LaFollette Act.

In our opinion the plaintiff is entitled to a summary judgment that his removal from his position was not in accordance with law and that he should be restored to the position.

Reversed.