### Harry LEVINE

v.

### Frank J. CASSIDY, etc., and United States of America.

#### Civ. No. 17144.

United States District Court
E. D. New York.

Jan. 18, 1957.

Harry Levine, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Robert C. Carey, Asst. U. S. Atty., Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The plaintiff, a probationary Substitute Clerk, Career-Conditional, in the Post Office Department, moves for a "permanent" injunction restraining the defendant, the postmaster of the Flushing, New York, General Post Office, from separating him from his employment. For obvious reasons, I have treated plaintiff's motion as an application for a preliminary injunction.

The papers disclose that the plaintiff entered the postal service on November 3, 1956, and on November 5, 1956, commenced his one year probationary period at the General Post Office, Flushing, New York. His services were terminated as of December 14, 1956 by the defendant's letter of December 8, 1956.

The plaintiff contending that the defendant's failure to comply with parts

715 and 717 of the Postal Manual renders his dismissal improper, illegal and void, asks that the defendant be enjoined from effectuating his dismissal.

The defendant insists that he has complied with the procedure set forth in the aforesaid parts of the Postal Manual, although he claims that the plaintiff's rights are determined, not by the Postal Manual, but by the regulations of the Civil Service Commission pertaining to the dismissal of probationary employees (5 C.F.R.1955 Supp. 9.101 and 9.103), with which he maintains he also complied.

On the argument of the motion, the plaintiff cited the case of Roth v. Brownell, 94 U.S.App.D.C. 318, 215 F.2d 500, in support of his claim. A reading of that case discloses that, except for the fact that it, too, involves the dismissal of a Government Employee, the cases are dissimilar. In that case, Roth, an attorney, had been removed from his position as trial attorney, GS–14, in the Department of Justice, as of July 31, 1953. He had been in governmental service since 1938. As stated, at page 501, in Roth v. Brownell, supra, *"He had become a member of the classified civil service April 15, 1943, under the Ramspeck Act [5 U.S.C.A. § 631a]."* (Emphasis added.) In 1947, when Roth had been in the classified civil service for four years, an executive order was issued, which provided that his position, among others, would be excepted from the competitive service. It was on the basis and authority of this executive order that he was removed from his position in 1953 without compliance with the procedures contained in the Lloyd-LaFollette Act, 5 U.S.C.A. § 652(a). He sued for and obtained reinstatement on the ground that he could not be removed from his position in the classified civil service without compliance with the Lloyd-LaFollette Act, supra.

In the case at bar the plaintiff had merely a *probationary* status. He had not yet become a member of the classified service, and his removal was governed by part 717.323 of the Postal Manual which reads as follows:

".323 *Probationary or Trial Period.* Separation-disqualification must be effected during the trial period except when instigated by the Civil Service Commission as provided in 717.321. Action should be initiated at any time in the trial period when it becomes apparent that the employee is lacking in fitness and capacity for efficient service. Any separation based on disqualification not effected during the trial period, or at the instigation of the Civil Service Commission as provided in 717.321 even though the action is based on unsatisfactory performance during the trial period, must be effected as a removal."

From the affidavits and exhibits submitted by the defendant it appears that there was compliance with the pertinent provisions of the Postal Manual and the Code of Federal Regulations, supra. The motion is therefore denied.