Fahy, Circuit Judge,
sitting by designation, delivered the opinion of the court:
Plaintiff was employed in the Department of Justice as a trial attorney, Grade GS-13, a position in the classified civil service. On August 26, 1958, he received a letter from the Acting Attorney General stating that his appointment was terminated and that this action was due to budget limitations and organization changes and “is not intended as a reflection on you.” The effective date was extended to October 15, 1953. Plaintiff wrote to the Civil Service Commission on August 30, 1953, setting forth in substance the above and other facts he deemed relevant. He requested “that my appeal be noted with respect to the above mentioned action of the Department of Justice.” The Commission on or about September 21, 1953, advised plaintiff that his letter did not give sufficient information and requested that he fill out an enclosed form and return it *534 with the supplemental data thus requested. This form was entitled “Reduction-in-Force Appeal — Request for Additional Information.” The letter stated the material should be returned within 15 days, “otherwise we must assume you are not interested in pressing your appeal which will be considered closed.” Plaintiff did not respond.
On October 12, 1953, plaintiff was transferred to a position in the Federal Housing Administration, where a year later he was promoted to the same grade and salary he had received in the Department of Justice. In the interim the difference in salary amounted to $850, and it is for this amount he now sues.
Defendant has moved for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies. Plaintiff has filed a cross-motion for summary judgment contending that resort to an administrative remedy was not necessary in his case and that as a matter of law his removal from the position in the Department of Justice was illegal, thereby entitling him to summary judgment.
We are of the opinion that plaintiff’s claim must fail for failure to exhaust administrative remedies. Other than sending the letter of August 30, 1953 to the Civil Service Commission, plaintiff did nothing pertinent to his case until on or about May 20,1955, when he again contacted the Civil Service Commission about an appeal from his termination of employment with the Department of Justice. This was subsequent to the decision on October 25,1954, of Roth v. Brownell, 94 U. S. App. D. C. 318, 215 F. 2d 500, cert. denied 348 U. S. 863. That case held that one-in a position comparable to that occupied by plaintiff in the Department of Justice could not be discharged except in accordance with the procedures prescribed by the Lloyd-LaFollette Act of 1912, as amended May 8,1952, 5 U. S. C. § 652 (a), requiring notice of charges, opportunity to answer, and other safeguards not accorded to plaintiff.
In light of the Roth decision the Civil Service Commission promulgated new regulations, sections 9.109 and 20.10, permitting an employee in the competitive civil service at the time his position was placed in the excepted service, as with *535 Both and with plaintiff, and who like them had been removed or adversely affected by a reduction in force without compliance with procedural requirements applicable to persons with competitive status, to appeal to the Commission within 90 days from January 23, 1955, the effective date of the new regulations. These regulations were published in the Federal Begister January 28, 1955, volume 20, pages 599, 601.
Plaintiff remained inactive during this 90-day period. As previously noted, it was not until May 20, 1955, that he first contacted the Commission with respect to an appeal under the new regulations, and he was then advised that the time had expired. By letter of May 23, 1955, plaintiff contended to the Commission that his appeal of August 30, 1953 had continued, and requested reestablishment of his rights. He was advised May 27,1955, that in view of his failure for approximately 20 months to perfect his appeal his request was denied, with right of appeal to the Commissioners within seven days, of which he availed himself. The Commissioners, on July 20,1955, denied his request for consideration of his appeal on the ground that it had been closed by his own inaction after warning by the Commission.[1]
In opposition to defendant’s motion for summary judgment, and in support of his own, plaintiff contends that his termination of employment from the Department of Justice was a separation covered by the Lloyd-LaFollette Act, that there is no administrative remedy available, and that he may therefore bring suit without awaiting administrative action. He premises this argument on the fact that section 9.105 (b) of the Commission’s regulations provides only that the Commission “may investigate” a removal when “such employee establishes a prima facie case.” The regulations do not provide, as in the case of a reduction in force,[2] that the agency involved must take the corrective action determined by the Commission. Also plaintiff says that the Lloyd-LaFollette Act does not contain remedial authority such as section 12 of the Veterans’ Preference Act, 5 U. S. C. *536 § 861, which provides in the case of a reduction in force that “employees shall be released in accordance with Civil Service Commission regulations.”
We think plaintiff was required to pursue his appeal before the Commission whether his termination of employment was a removal within the meaning of the Lloyd-LaFollette Act or a reduction in force. In Adler, et al. v. United States, 134 C. Cls. 200, this court pointed out that where a statute itself does not require administrative remedies to be exhausted as a prerequisite to suit, courts may entertain the suit, but only “in unusual circumstances,” such as were present in Cuiffo v. United States, 131 C. Cls. 60. We do not think plaintiff makes out a case of exceptional or unusual circumstances.
The fact that the regulations relating to removals say only that the Commission “may investigate” does not in our view obviate the requirement that resort must be made to the Commission prior to suit. And though the agency may refuse to abide a Commission’s ruling favorable to the employee, as happened in the Both case, nonetheless this avenue of redress should be followed. Nor is it an answer that plaintiff might not have succeeded, Martilla v. United States, 118 C. Cls. 177.
Plaintiff says that in any event his original appeal of August 30, 1953, continued in force until acted upon by the Commission, notwithstanding the Commission’s warning that if he did not file the supplemental form within 15 days his appeal would be considered closed. Again we do not agree. The request that a supplemental form be filed was reasonable even though, as plaintiff claims, it embodied substantially the same facts contained in his letter. Failure of plaintiff to comply presented sufficient reason for the Commission to close the appeal, as plaintiff was advised would be the result of such failure. Even then plaintiff was not completely denied an appeal, for on January 23, 1955, the Commission issued and published regulations which allowed persons in his situation 90 days in which to appeal their removal.
The termination letter of August 26, 1953, assuming it to have been illegal under Both nothwithstanding plaintiff’s *537 transfer to another agency, was action which the Government should not be judicially required now to remedy because of plaintiff’s failure to pursue the possible administrative remedies available to him. No circumstances are presented which relieved him of the well established duty of affording the executive branch of the Government an opportunity to meet his complaint before resort is had to the judiciary. See McDougall v. United States, 138 C. Cls. 90.
Defendant’s motion for summary judgment is granted, and plaintiff’s motion for summary judgment is denied.
It is so ordered.
MaddeN, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
Whitaker, Judge, took no part in the consideration and decision of this case.

 His further requests for consideration were also rejected. The Commission wrote his counsel September 11, 1956, that it was evident from the file that plaintiff failed to submit the information originally requested with full knowledge that such failure would result in disallowance of his appeal.

 5 CffR Part 20.