WeldoN, J.,
delivered the opinion of the court:
On April 4-, 1899, the claimant filed a petition in which it is substantially alleged: That on the 1st day of November, 1893, he was appointed to a clerkship in the office of the surveyor-general in the State of Idaho at a salary of $1,100 per annum; that he continued in the service of the United States as such clerk until November 1, 189T, when he was suspended without fault on his part; that since said date he has been willing and ready at all times to discharge the duties of said office; that his suspension was without just cause; that in suspending the claimant the surveyor-general gave no reason for such suspension, except that said surveyor-general might take time to learn if there was any work for him to do; that the suspension was merely temporary; that on the next day the surveyor-general appointed other clerks who had not been certified by the Civil Service Commission; after the suspension of claimant persons were appointed to perform the duties performed by petitioner; no charges were preferred against him; on the 3d day of June, 1898, said surveyor-general reinstated your *133 petitioner by direction of the Commissioner of the General Land Office; that upon such reinstatement the said surveyor-general for the first time preferred charges against petitioner, which charges were untrue; he has received no compensation as clerk in said office from the 31st day of August, 1897; there is due him because of said illegal suspension the sum of SI,960.
On June 6, 1901, the claimant filed an amended petition, in which he substantially alleges the same as in the former petition, claiming the sum of <$5,133.33, being the amount due him as he alleges from the time of said suspension until the filing of the amended petition.
The facts found by the court show that the petitioner was appointed as he alleges; that he was discharged and reinstated; and upon his restoration the surveyor-general preferred charges against him; that claimant replied to those charges on August 8, 1898, and upon such charges and the defense of claimant the Commissioner of the General Land Office said:
“After a careful review of the evidence and as thorough investigation as it can be possible to make, it appears that from the proofs submitted and the evidence obtained in this office, I am of the opinion that Lellmann’s conduct and services while a draftsman in the office of the surveyor-general of Idaho were not of such a character as entitle him to continuance in the public service, and his suspension will be permanent.”
The charges preferred against claimant by the surveyor-general on June 3, 1898, were: First, inefficiency in the discharge of his duties because of the intemperate use of intoxicating liquors; second, the execution of an affidavit falsely charging the surveyor-general with a conspiracy with the draftsman in- his office to allow the working force in his office to be reduced, so that the work which should be performed at the expense of the Government would accumulate and thereby compel deputy surveyors to have the same performed at their own expense; third, that said affidavit was executed by said claimant at the request of the engineer of Idaho for the purpose of securing the nonapproval of the Commissioner of the General Land Office of certain proposed contracts for the survejr of public lands; fourth, inefficiency' as a draftsman in *134 requiring more time in the execution of work than is ordinarily required by a reasonably expert draftsman.
It is also shown that the charges were found to be untrue by the Civil Service Commission, basing its findings on the report of an investigating’agent; that pending the investigation of said charges the suspension was continued and was also continued thereafter up to the present date. ■
The theory of plaintiff’s claim is that ho was improperly and illegaly discharged from the public service, and that being-ready and willing at all times from and after such suspension to enter upon the dischaige of his duties as clerk, that ho is entitled to recover .in this proceeding his salary at the rate of §1,400 per annum.
It is insisted by counsel for defendants that no regular clerkships were created by law for the offices of surveyors-generai, but that appropriation was made annually in the legislative, judicial, and executive appropriation act for clerks in those offices in various amounts, and these appropriations in lump sums was the authoritj- for the appointment of clerks by the surveyors-general; that from June, 1893, and for the succeeding fiscal years during which the claimant was employed, there was appropriated as follows: For the year 1893, for the surveyor-general of Idaho, §2,500; for clerks in his office, §5,000 (21 Stat. L., 217); for the year 1894, for the surveyor-general of Idaho, §2,000; for clerks in his office, §6,000 (27 Stat. L., 708); for the year 1895, for the surveyor-general of Idaho, §2,000; for clerks in his office, §10,000 (28 Stat. L., 198); that for the year 1896 there was appropriated for the surveyor-general §2,000, and for clerks in his office, §10,000 (28 Stat. L., 799); for the year 1897, for the surveyor-general ’ of Idaho, §2,000; 'for the clerks in his office, §10,000 (29 Stat. L., 172); for the year ending June 30, 1898, there was appropriated the sum of §2,000 for the surveyor-general, and for clerks in his office, §8',000 (29 Stat. L., 571).
It is contended by defendants that his classification under civil-service rules gave him no tenure of office whatever, and in support of that theory the law cites the case of Keim (33 C. Cls. R., p. 174), which was affirmed by the Supreme Court.
We have carefully considered the very elaborate and able *135 brief filed upon the part of the claimant, seeking to maintain his right to the emoluments of his office from the time he was suspended on November 1,1897, to a period when his amended petition was filed, predicated upon his alleged right to recover for the whole time between his suspension and the amendment of his petition.
It is not necessary, in the view which we have adopted of the rights of the parties in this proceeding, to enter into a discussion of the tenure by which the claimant held his position in the public, service. The findings show that he was suspended of the 1st daj' of November, 1897, without any charges preferred against him, and upon the theory that the condition of tlie business of the office was not such as to justify his retention. He was not discharged absolute^, as an employee or clerk in the department; ho was merely suspended, and that suspension was acquiesced in by the Commissioner of the General Land Office; but upon the protest of the claimant, and because of the fact that he was suspended without having-charges preferred and an opportunity to be heard thereon, the suspension was revoked. Tin' Commissioner of the General Land Office, who had legal jurisdiction of the subject-matter of his suspension and restoration, ordered his restoration, thereby invalidating in law such suspension and the effect and consequences which would result therefrom.
It is not necessary to cite authorities to establish the proposition that where a person is unjustly suspended in the exercise of official duty, and the poAver having jurisdiction of him as an employee annuls such suspension, that the party is entitled to whatever emoluments there might be due him.during the time of such suspension.
When he was reinstated on June 3, 1898, charges were then preferred against him by the surveyor-general, the cause of which existed at the time of his suspension on the 1st of November, 1897. Upon those charges he was given an examination, and he defended himself against such charges; but the result of that examination and trial was, that the authority having the right of passing upon the question as to whether they were true or false found they were true, and from that date made the suspension permanent.
This state of the findings makes two conditions in law. *136 The first between his suspension and restoration, and the second after the-finding of the charges to be true and the permanent suspension of the claimant by the examination of the Commissioner of the General Land Office.
The conditions being materially different, different rights and obligations originate from the difference of conditions. He was improperly suspended from November, 1897, until the following June, and during the period of that improper and illegal suspension he is entitled to whatever emoluments the law gave him for his services during that period.
Computing his compensation upon the basis of his salary- — ■ to wit, $1,400 per year — he would bo entitled, as a compensation, to the sum of $816., and for that amount, in the opinion of the court, he is entitled to recover.
But from his permanent suspension, amounting in legal proceedings to a dismissal, from the 3d of Juno, 1898, he is not entitled to recover, and for that period no allowance is made.