### GOODWIN v. UNITED STATES.
#### No. 579–53.

United States Court of Claims.
Feb. 2, 1954.

Claude L. Dawson, Washington, D. C., for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

MADDEN, Judge.

The plaintiff, who was entitled to the benefits of the Veterans' Preference Act, 5 U.S.C.A. § 851 et seq., in Federal employment was for many years employed in the Portsmouth Naval Shipyard. On

August 25, 1947, he was reduced in rank, grade and salary from Leadingman Electric Welder to Electric Welder. Claiming that his rights under Section 14 of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 863, had been violated by the reduction, he appealed to the United States Civil Service Commission, which, on February 4, 1948, affirmed the reduction.

On October 23, 1952, the United States Court of Appeals for the District of Columbia decided, in the case of Reynolds v. Lovett, 91 U.S.App.D.C. 276, 201 F.2d 181, that a reduction such as that which had been applied to the plaintiff was in violation of Section 14 of the Veterans' Preference Act. The Supreme Court of the United States denied *certiorari*. Wilson v. Reynolds, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357. Thereupon, on July 28, 1953, the United States Civil Service Commission issued a new Regulation 22:11 providing for the review of all appeals in cases of reduction in grade like that of the plaintiff. The Commission then again considered the plaintiff's appeal and on August 21, 1953, ordered him reinstated to the position of Leadingman Electric Welder, *as of August 25, 1947*, the date of his reduction in grade. He was so reinstated as of August 31, 1953, six years and six days after his reduction in grade. But he has not been compensated for the loss of pay which he suffered during the period of his demotion.

The Government has filed a motion to dismiss the petition, asserting that the plaintiff's cause of action accrued on August 25, 1947, the day of his demotion, which was more than six years before his petition herein was filed on October 23, 1953. The plaintiff urges that his cause of action did not accrue until the Civil Service Commission on August 21, 1953 ordered his reinstatement.

■ Section 14 of the Veterans' Preference Act, 5 U.S.C.A. § 863, provides that no preference eligible shall, *inter alia*, be reduced in rank or compensation, unless certain conditions are fulfilled; that from an adverse decision he shall have the right to appeal to the Civil Service Commission; that the Commission shall submit its findings and recommendation to the proper administrative officer in the agency which demoted the veteran; "and it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends." In the instant case, the Civil Service Commission recommended that the plaintiff be restored to his former rank as of August 25, 1947, the date of his reduction in grade. Compliance with that recommendation would have required that the Naval Shipyard pay the plaintiff the wages he lost because of his demotion, back to the date of his demotion.

Since the statute provides that the Commission's recommendation shall be mandatory upon the employing agency, the recommendation in the instant case thus created a statutory claim against the employing agency for the back pay. That claim arose when the recommendation was issued, and suit was brought two months later. The Statute of Limitations, 28 U.S.C.A. § 2501, is, therefore, not a bar.

It may well be that the plaintiff could have sued on the demotion, at least after his first appeal to the Civil Service Commission had been rejected. We think that, even if he could have sued then, the statutory provision under which he finally obtained the mandatory recommendation of the Civil Service Commission that he be paid back pay gave him a new cause of action. It would be quite intolerable that the statutory provision that the recommendation of the Civil Service Commission for back pay should be mandatory should be rendered nugatory by the employing agency's simply refusing to comply with it. Congress has placed no limitation of time upon the Civil Service Commission's power to make its recommendation. In this case that recommendation was made only four days less than six years after the wrongful demotion. This plaintiff would have had to presume that the recommendation and the statute would be disregarded, and

get a suit started within four days, according to the Government's contention.

■ We have in mind the obiter statement which we made in the case of Gregory v. United States, 107 F.Supp. 840, 123 Ct.Cl. 794, to the effect that Congress did not, in its provision that the recommendations of the Civil Service Commission to the employing agency as to corrective action should be mandatory, intend to include a recommendation as to back pay. We said that, since Congress had in mind, when it enacted this provision in amending the Veterans' Preference Act in 1947, the probable future enactment of the express provision for back pay for all civil service employees which was made in the Act of June 10, 1948, C. 447, 62 Stat. 354, 5 U.S.C.A. 652(b) (2), it did not intend the 1947 legislation to cover the question of back pay. The 1948 Act in fact made no provision for back pay for a demoted employee, such as the plaintiff was, its relief being limited to employees who were separated and later reinstated.

Upon reconsideration, we think that our observations on this question in the Gregory case were mistaken. When Congress authorized the Civil Service Commission to hear the demoted veteran's appeal and recommend to the employing agency correction of its treatment of him, it could not have been unaware that the most important element of relief for wrongful demotion, next to restoration to his former status, was back pay. We would, then, be reading out of Section 14 something which it plainly contains, if we were to convert our dictum in the Gregory case into a decision. Other courts have interpreted Section 14 as we here interpret it. See Wettre v. Hague, D.C., 74 F.Supp. 396, 398; Fischer v. Haeberle, D.C., 80 F.Supp. 652.

The Government's motion to dismiss the plaintiff's petition is denied.

It is so ordered.

JONES, Chief Judge (concurring).

I concur in the result on the ground that additional facts are required before final disposition of the case.

LITTLETON and WHITAKER, Judges (concurring).

We concur in the decision on the ground that in view of the facts and circumstances of this case, and the fact that the Civil Service Commission had authority to reopen and reconsider its decision on plaintiff's appeal of February 4, 1948, and to issue an order restoring plaintiff to his old position, which was mandatory on the agency, the action of the Civil Service Commission on July 28, 1953, had the effect of creating a new cause of action in favor of the plaintiff.

We still hold to the view, however, that in ordinary cases the statute of limitation begins to run, as has been uniformly held by this court, when a Government employee is separated from the Government Service.