Calvin C. UPTON, Jr.

v.

The UNITED STATES.

No. 568–52.

United States Court of Claims.

June 7, 1955.

Fred W. Shields, Washington, D. C., for plaintiff. Kellam & Kellam, Norfolk, Va., were on the brief.

Arthur E. Fay, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff, an ex-service man and preference eligible, seeks recovery of the difference in wages of a machinist and a helper machinist for the period July 15, 1946, to May 3, 1948, on the ground of an alleged improper demotion.

Plaintiff alleges that he accepted a demotion from the position of machinist to that of helper machinist, effective July 15, 1946. He claims the reason he accepted the demotion was that his supervisor erroneously thought plaintiff would be reached for separation on account of a reduction in force; that he was advised that unless he accepted a demotion to the position of helper machinist he would be separated from employment at the Norfolk Naval Shipyard through such a reduction in force.

The plaintiff more than a year later, on August 14, 1947, appealed his demotion to the Fourth United States Civil Service Region. The appeal was denied on the ground that the demotion was the result of plaintiff's own voluntary application and not the result of an adverse action by the Norfolk Naval Shipyard. Plaintiff claims that because erroneous information was given him by his supervisors his acceptance of the demotion was involuntary and should be set aside.

The Civil Service Commission's Board of Appeals and Review affirmed the decision of the Fourth United States Civil Service Region.

In the meantime another employee of the Norfolk Naval Shipyard, one Alley Cowand, who is plaintiff in Court of Claims No. 360–52, now pending in this court, was similarly demoted and appealed to the United States Civil Service Commission. The Commission's Board of Appeals and Review advised the Norfolk Naval Shipyard of its decision, on review of the action of the Fourth United States Civil Service Region, that no rights of Mr. Cowand under section 14 of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 863, had been violated. It did state, however, that the Commission believed there was a moral obligation on the part of the Naval Shipyard to restore Mr. Cowand to his former rating and that "the same action in the case of Calvin C. Upton, Jr., and other similar cases is indicated."

As appears from the letters and official documents attached to defendant's motion, sufficient facts are established or conceded so that final disposition of the case may be made on motion, since no substantial fact which might affect a decision is now in issue. The appeals examiner upon making an investigation permitted the plaintiff to testify and it appears that, after plaintiff had been given the information to the effect that the supervisors thought there would be a reduction in force and consequently a separation from the service unless a demotion was accepted, he was given a number of days in which to think the matter over before making his decision. Plaintiff admitted that he signed the demotion form without any pressure on the part of the person who presented it to him, although he did claim he signed it against his will, relying upon the representations of the supervisors. The Board of Appeals and Review found that he signed a voluntary application for the demotion and that there were no procedural defects.

On April 20, 1948, the chairman of the Board of Appeals and Review of the Civil Service Commission advised the Commander of the Norfolk Naval Shipyard at Portsmouth, Virginia, that the Civil Service Commission found, after a careful consideration of all the facts and circumstances in Mr. Cowand's case, including representations made in his behalf and by the representatives of the Norfolk Naval Shipyard, that under the circumstances it could not be held there was an involuntary demotion within the meaning of section 14 of the Veterans' Preference Act; that, however, since Mr. Cowand acted upon the advice of his supervisor who erroneously thought he would be reached for separation in a reduction of force which did not materialize, the Commission believed there was a moral obligation on the part of the Norfolk Naval Shipyard to restore him to his former rating, that he should be so restored, and that the same action should be taken in the case of Calvin C. Upton, Jr., and other similar cases as indicated. It was determined, however, that it was not deemed appropriate to make the restoration effective retroactively and Mr. Upton was so advised.

The defendant pleads (1) that the court lacks jurisdiction under section 2501 of Title 28 of the United States Code which stipulates that suit must be filed on any claim within six years after it first accrues, and (2) that there was no coercion on the part of the officials who handled the matters involved and that there is no right of recovery on the merits.

The claim in this case first accrued on July 15, 1946. Suit was filed November 17, 1952. More than six years having elapsed from the time the cause of action first accrued, the court is without jurisdiction. Riley v. United States, Ct. Cl., 126 F.Supp. 214. The plaintiff claims the facts in this case bring it within the purview of our decision in Goodwin v. United States, 127 Ct. Cl. 417. We do not think so. In that case there was a mandatory recommendation by the Civil

Service Commission that corrective action be taken by restoring Mr. Goodwin to his former position retroactively to the date of his demotion. Neither the pleadings nor the attached exhibits tend to bring this case within the framework of the Goodwin case. In fact, they place it without rather than within the principles laid down in that case.

Even if the case were considered on its merits it is doubtful whether any favorable consideration could be given in the circumstances disclosed by the pleadings and attached exhibits. If we consider the pleadings and plaintiff's allegations in their most favorable light they do not present a case of coercion. It is true the supervising officials advised plaintiff that there was to be a reduction in force. This could not be construed as a misrepresentation of fact, since such a misrepresentation usually applies to existing conditions. In the apparently erroneous belief as to whether there would be a reduction in force supervising officials were giving their judgment as to some future event.

When all the circumstances revealed by the pleadings and exhibits in this case are considered, it is not reasonable to conclude that the mistaken belief as to coming events should be construed as a basis for setting aside the action of the Civil Service Commission. It seems rather evident that plaintiff, after due deliberation, decided he would prefer to take the lower rating rather than take chances upon a reduction in force and complete separation.

The allegations, attached documents and the brief fail to make out a case of coercion. It would be a complete waste of time, and a useless expense on the part of both plaintiff and defendant, to take further evidence when the issues are as clearly defined as they are by the facts before the court.

Defendant's motion is granted and the petition is dismissed.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.