Jones, Ohief Judge,
delivered the opinion of the court:
Plaintiff, a veterans’ preference eligible, sues for back pay during a period of wrongful dismissal from the service and for a 15 percent foreign service salary differential for the period following notification of the intention to dismiss.
Plaintiff in October 1957, received an excepted appointment with the International Cooperation Administration. The grade attached to this position carried a salary of $9,500 per annum. Plaintiff was assigned to the United States *602 Operations Mission to Ceylon. The appointment was not to extend beyond April 27,1960.
The plaintiff, on August 24,1959, was served with a letter from the Director, United States Operations Mission, Ceylon, proposing the termination of his services with the Mission and his immediate departure from Ceylon. He was advised that he would have 2 weeks within which to settle his affairs and make preparations for departure to Washington. In the same letter, plaintiff was notified that he would have 60 days’ additional active duty with the International Cooperation Administration upon his return to Washington. The Mission Director further advised plaintiff that the primary reason for his termination was that the Director of the Department of Agriculture of the Ceylon Ministry of Agriculture had requested plaintiff’s withdrawal and replacement. The Mission felt obliged under its basic agreement with the Ceylonese Government to accede to that request. He was also advised that the Mission Director was of the opinion that the plaintiff had not suitably adjusted to his assigned work.
Plaintiff replied to these charges on August 27, 1959, but was again advised by the Mission Director on August 31, 1959, that the original order would remain in effect.
Plaintiff departed from Ceylon on September 8,1959, with annual leave enroute authorized in accordance with plaintiff’s request. The 60-day period before final separation was subsequently extended for additional annual leave.
Plaintiff’s separation from the service was effected as of the close of business December 12,1959. At that date plaintiff was receiving an annual salary of $10,725. The following day he was returned to a position he had previously held in the Department of Agriculture at an annual salary of $9,530.
Plaintiff appealed his discharge to the Appeals Examining Office of the Civil Service Commission which, on March 3,1960, ordered the ICA to reinstate plaintiff to the position from which he was removed, such restoration to be retroactive to December 13, 1959.
Following this order, plaintiff’s records were changed to reflect reinstatement as of December 13,1959. He was reem *603 ployed by the ICA on April 20,1960, for the few days remaining of his appointment at the basic annual salary of $10,725.
Plaintiff has not been paid for the difference in his basic salary of $10,725 per annum with the ICA and the annual salary which he actually received from the Department of Agriculture at the rate of $9,530. Plaintiff sues for this difference from December 13,1959 through April 19,1960. He also sues for the 15 percent differential because of his assignment to the foreign service for the period from the time he was ordered home in September 1959, to the end of the termination time of his employment in that capacity, April 26, 1960.
By the terms of 5 U.S.C. 652(b) (2)[1], plaintiff is entitled to be paid compensation at the rate he was receiving on the date of his unwarranted discharge.
The defendant has conceded that plaintiff is entitled to recover the difference in his basic salary from December 13, 1959, to April 19, 1960, and has agreed that judgment may be entered for such difference.
This leaves the question as to whether plaintiff is entitled to receive the 15 percent differential in pay that is made available for those who are engaged in foreign service.
The Act of August 13,1946, 60 Stat. 999,1006, as amended April 5, 1955, 69 Stat. 24, 22 U.S.C. 888 (1958 ed.), authorized the President, under such regulations as he may prescribe, to establish rates of salary differential not exceeding 25 percent of basic salary for officers and employees assigned to positions involving extraordinarily difficult living conditions, excessive physical hardship, or notably unhealthful conditions. Section 901 (22 U.S.C. § 1131 (1958 ed.)) of the statute also permitted the Secretary of State to grant any officer or employee of the service, who is a citizen *604 of the United States, a cost of living allowance where it was necessary' to enable the employee to carry on his work efficiently.
Executive Order 10000, September 16, 1948, 13 Fed. Reg. 5451, authorized the Secretary of State to designate the places and conditions under which the differential should be paid. It also provided for periodical review, and contained various definitions as to circumstances under which the differential would be paid. The regulations provided that such positions as involved here should be paid a 15 percent basic salary differential for service abroad.
Plaintiff asserts his entitlement to differential pay for three different periods of time: the period from September 9, 1959 through December 12, 1959, i.e., the period between his departure for home and the time he was actually separated from the service; second, the period following his official removal from the employment rolls of the ICA; and, third, the period from April 20, 1960 through April 26, 1960, during which time plaintiff served a brief period of reinstatement with ICA, and was receiving the full basic compensation for that grade but not the differential.
Since plaintiff was not located in a foreign country during any part of these three periods of service, we do not think he is entited to the differential pay exeept as indicated bele-wr He had been directed to return home, had actually departed from Ceylon and was not subject to any of the conditions that formed the basis of the differential pay. Hence he does not come within the various acts and regulations authorizing such pay. Kalv v. United States, 128 Ct. Cl. 207 (1954); McGuire v. United States, 145 Ct. Cl. 17 (1959); Shadduck v. United States, 142 Ct. Cl. 516, 518 (1958); 5 C.F.R. § 325.5(c) (1).
The plaintiff insists that under the terms of Vitarelli v. United States, 150 Ct. Cl. 59 (1960), 279 F. 2d 878, he is entitled to the differential. However, the VitarelU case arose under a different statute and involved substantially different facts. The plaintiff in that case was actually separated from the service while in the foreign country. The VitarelU decision expressly restricts its application to those situations where, at the time of removal or suspension without pay, the differential was being paid to the employee as a part of his *605 compensation, and back pay was being sought. Plaintiff herein was not actually separated from the service until more than 60 days had elapsed after his return to the continental United States. For this reason we find that plaintiff is not entitled to recover the differential for the period indicated.
We do fed; however; that he is entitled: te reeever the differential fee any annual leave whieh may have been ae-cumulatod during his oorvico in the foreign eeunfery. This differential, under oar previous deeisiens; was earned while plaintiff was aetually in the foreign service? Under those decisions we ean see no reason why the plaintiff should not he allowed to recover the differential fer the period ef the annual leave; if any; whieh had heen accumulated up to the '
Judgment will be given the plaintiff for the difference in his basic pay at the time of his separation from the service and the pay he actually received for the period December 13, 1959, to April 19, 1960. Plaintiff will be denied recovery for the differential which he claims for the three different periods set out above, except that he v4H he given judgment n~/-yy» 4*T~\ r* -<n i 1¥>st>/nv'1-i <•» 1 jai n piTV rrrr-yf-Tv OTVTr O TV*VH 1 ■Tf'iiM Or\. TEx7jT T7TÍO vLXJ-l CM OJ.lt7XtbX Til VJUjUCLIOIÍ IUAJJLX TFTCXJ! cl>J.l"y wHCIXTlXcex tTOOnrC Tv-TOrCTTi may have accumulated prior to the time he departed fer homo from serviee in a fereign-designated land? The record is net dear as to whether plaintiff has heen paid a difforen-ahle to stipulate whether plaintiff has hem paid a differential fer sueh prior period; and if he has net heen so paid; the amount ef differential fer sueh period? Sf tibe parties are umahle te stipulate on this issue it will he referred to a trial
The defendant’s motion for partial summary judgment is granted. The plaintiff’s similar motion is granted to the extent indicated, and judgment will be entered for the plaintiff, with the amount of the judgment to be determined pursuant to Rule 38(c).
It is so ordered.
Darr, Senior District Judge, sitting by designation; Dureee, Judge; Laramore, Judge; and Whitaeer, Judge, concur.
*606 In accordance with tbe opinion of tbe court and on a memorandum report of tbe commissioner as to the amount due thereunder, it was ordered on September 28,1962, that judgment for plaintiff be entered for $419.24, with $27.24 of said sum to be credited to plaintiff’s retirement fund, $2.50 of said sum to be credited as premiums on plaintiff’s life insurance, and the balance of $389.50 to' be paid to plaintiff.

 “Any person who is discharged, suspended, or furloughed -without pay, under section 86S of this title, who, after answering the reasons advanced for such discharge, suspension, or furlough or after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such discharge, suspension, or furlough was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge, suspension, or furlough for the period for which he received no compensation with respect to the position from which he was discharged, suspended, or furloughed, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period.”