Bennett, Judge,
dissenting,
with whom Skelton, Judge., joins:
“I .respectively dissent from the action of the majority in refusing an en bane rehearing,, limited, however, to the narrow ground of its refusal to reinstate plaintiff to his position as he requested in paragraphs I and VIII of his petition. The court has hold that plaintiff is entitled to back pay because his discharge was illegal since, in the court’s opinion it was an excessive penalty for his offenses. In declining to reinstate plaintiff, the opinion of the court explains it only by saying ‘we have determined not 'to order reinstatement in this action in the light of the unusual nature of this case.’ *744 [Emphasis in text.] The action of the court not to reinstate is implicitly based upon the language of the remand and reinstatement statute, Pub. L. 92-415, August 29, 1972, 86 Stat. 652, 28 U.S.C. §1491 (Supp. III, 1973), which states, in pertinent part:
* * * To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, * * *. [Emphasis supplied.]
A literal reading of the statutory language suggests that it is permissive, not mandatory. But, “* * * federal courts have allowed the expressed intention of Congress * * * to prevail over the alleged plain-meaning of a statute.” International Telephone and Telegraph Corp. v. United States, ante at 412, 536 F. 2d 1361, 1362. This statute cannot be read literally as the maj ority reads it because the legislative history of the provision and the Supreme Court clearly tell us that the statute ‘does not extend the classes of cases over which the Court of Claims has jurisdiction,’ H.R. Rep. No. 92-1023, 92 Cong., 2d Sess. 3 (1972); S. Rep. No. 92-1066, 92d Cong. 2d Sess. 1 (1972); 118 Cong. Rec. H3769 (May 1, 1972); United States v. Testan, 424 U.S. 392 (1976). The Court of Claims has never had authority to determine who shall be appointed to government jobs under Civil Service, who shall be promoted, or who shall be fired. This is so well established as scarcely to need citation of authority. ‘The power of removal from office in the executive branch of the Federal Government, absent some specific provision to the contrary, is incident to the power of appointment. Keim v. United States, 177 U.S. 290, 293 (1900). Morelli v. United States, 177 Ct. Cl. 848, 858 (1966); Sampson v. Murray, 415 U.S. 61, 70 n. 17 (1974). Thus, notwithstanding the fact that the court cannot discharge plaintiff, since the remand statute brought about no change in the law that makes discharges discretionary solely with the executive, limited only by the proper exercise of that discretion in accordance with the procedures established therefor, the court has in fact discharged plaintiff by refusing to reinstate him.
*745 “When a plaintiff is awarded back pay it is because be bas been found not to bave been legally separated from the payroll. Crocker v. United States, 130 Ct. Cl. 567, 127 F. Supp. 568 (1955). So, by what logic and upon what grounds can it be held that plaintiff will not be reinstated when the court holds that he has never been legally discharged in the first place ? To so hold is to say that the court can exercise the discretion of the executive and discharge plaintiff. Here the court does not even say why it removes him. It does not have such removal authority. On the contrary, as shown above, it has never claimed heretofore to have such authority, which is denied to it. Under the Back Pay Act, 5 U.S.C. § 5596 (1970), the court can review an adverse action, such as here, and award back pay for an illegal removal from position. But, nowhere is the court given any authority to fashion its own remedy in addition thereto, except reinstatement to make plaintiff whole because of the wrong done to him. We thus have here a case of first impression on the proposition of whether or not the court can construct relief short of reinstatement under Pub. L. 92-415. The testimony in support of the remand and reinstatement act, and the committee reports thereon, make it plain that not only was the jurisdiction of the court not being increased or changed thereby but that the purpose of the legislation was to enable the court when it awards back pay to make a plaintiff whole by reinstating bim to his job. Prior to 1972 the power of reinstatement resided alone in the district courts and a plaintiff who won back pay in the Court of Claims then had to go to the district court in a fro forma action to get reinstated. This was unwise so the Congress said that in such circumstances the Court of Claims' may make him whole by reinstatement, all in one action. It did not say that his partial relief in this court should be continued as before the remand and reinstatement statute. To do so would have rendered that statute meaningless. Nor did Congress say that the court should have new authority to decide whether he should be separated when he is granted back pay because he should not have been separated. It would be strange indeed if the court’s view is correct that we have authority to say plaintiff should be separated from the payroll at the same time we give him back pay because we find he *746 should not have been separated. This is inconsistent and contrary to the intent of the remand statute, and frustrates it. Also, it usurps executive authority in determining who should be fired, and for subjective reasons different from those which say he should not have been fired and is entitled to back pay. It is just as wrong to do this as for the court to say who should be appointed or promoted when no regulation or statute has been violated. Discretion to hire, fire, and promote is not a judicial function.
“The opinion of the court presents still another difficulty. Although the petition demands reinstatement, plaintiff’s response to defendant’s motion for rehearing does not emphasize it, yet does not repudiate the petition. The court seizes upon this as amounting to waiver. It is defendant here who reminds the court that it has always been held that once there is an award of back pay there exists a continuing liability to award back pay until the individual is reinstated and properly discharged. The court in Ainsworth v. United States, 185 Ct. Cl. 110, 399 F. 2d 176 (1968), quoted with approval the language of a dissent describing the result in McGuire v. United States, 145 Ct. Cl. 17, 24—25 (1959), that the plaintiff ‘gets judgment now for the pay he would have earned to date, and the next year he can bring another suit for his pay for that year, and so on until he is formally reinstated and discharged according to law.’ Recently the Supreme Court, in discussing cases of wrongful discharge or suspension said : t* * * ]eas¿ siace the Civil Service Act of 1883, the employee is entitled to the emoluments of his position until he has been legally disqualified. United States v. Testan, supra, at 402. See also, United States v. Wickersham, 201 U.S. 390 (1906), affirming the rule announced in Lellmann v. United States, 37 Ct. Cl. 128 (1902); United States v. Perkins, 116 U.S. 483 (1886); Simon v. United States, 113 Ct. Cl. 182, 198 (1949); Borak v. United States, 110 Ct. Cl. 236, 78 F. Supp. 123, cert. denied, 335 U.S. 821 (1948). Under the precedents, all that could bar plaintiff from getting other judgments for his back pay, based on what the court has held to be an illegal discharge, would be to hold he waived it in his response to defendant’s motion (as the order of the court does here), or if he waited too long to claim such pay and was barred by laches. *747 Plaintiff will otherwise be able to recover his salary from now-on by bringing successive suits to recover on his continuing claim without performing any service. This is not in the-public interest. It would be better to reinstate him in his. position and if he is an incompetent or dishonest employee the-agency can find a way to discharge him according to law. If' the court does not follow this course, it is repudiating its precedents on the theory of back pay, and it is misconstruing the intent and purpose of the remand and reinstatement statute which was designed to make a- wronged government employee ‘whole’ in his remedy. It is restricting his rights and giving him half a loaf. I agree that a plaintiff should not be reinstated unless he asks for it, as his petition does here. I do not agree that a waiver of such demand is implied here. The order-of the court cites no authority to support its conclusion. On< the contrary, the court has previously held that it will not without a proper showing, imply a waiver. New York Shipbuilding Corp. v. United States, 180 Ct. Cl. 446, 385 F. 2d 427 (1967). The court also holds that just because it does not reinstate him is no bar to the agency doing so if it fears another suit for back pay. If the court is not going to insist upon making plaintiff whole, his agency is unlikely to feel under any compulsion to do so. True, the court does not order-that plaintiff not be reinstated, but why should the agency reinstate him when the court indicates that it holds the belief plaintiff has waived his claim to reinstatement? What the-court has failed to do here is to face up to what the reinstatement and remand statute means when it awards back pay in-a case where plaintiff has also asked for reinstatement. It is not entitled to anticipate a waiver in such a case in a potential! proceeding subsequent to its judgment. Having sought unsuccessfully to extend the remand and reinstatement statute* into areas where it had no jurisdiction in Testan, supra, the* court is overreacting in not employing the statute where it clearly has authority and, I think, a compelling duty to do* so. ‘A court must be particularly cognizant of the implications: of a given case in the situation where it is confronted with' clear evidence of legislative intent and must formulate am application of the statute which further such Congressional *748 purpose.’ First Nat'l City Bank v. United States, ante at 403-04, 537 F. 2d 426, 442.”