# United States Court of Appeals for the Federal Circuit

2007-3309


MARIO A. GONZALEZ,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.


Sean Lafferty, Lafferty & Lafferty, of Burlington, Massachusetts, filed a petition for rehearing en banc for petitioner.

Carrie A. Dunsmore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the petition for respondent. With her on the response were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3309

MARIO A GONZALEZ,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752050262-C-1.

ON PETITION FOR REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, LOURIE, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, <u>Circuit Judges</u>, and WALKER, <u>Chief District Judge</u>.[*]

PER CURIAM.

BRYSON, <u>Circuit Judge</u>, with whom MICHEL, <u>Chief Judge</u>, and LOURIE, RADER, PROST, and MOORE, <u>Circuit Judges</u>, join, concurs in the denial of the petition for rehearing en banc in a separate opinion. DYK, <u>Circuit Judge</u>, with whom NEWMAN, SCHALL, GAJARSA, and LINN, <u>Circuit Judges</u>, join, dissents from the denial of the petition for rehearing en banc in a separate opinion.

O R D E R

A petition for rehearing en banc was filed by the Petitioner, and a response thereto was invited by the court and filed by the Respondent. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing

---

[*] Honorable Vaughn R. Walker, Chief Judge, United States District Court for the Northern District of California, sitting by designation, was on the original panel, and participated only in decision on the petition for panel rehearing.

en banc and response were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for panel rehearing is denied.

(2) The petition for rehearing en banc is denied.

(3) The mandate of the court will issue on June 18, 2009.

FOR THE COURT

<u>   June 11, 2009   </u>          <u>/s/ Jan Horbaly    </u>
      Date                          Jan Horbaly
                                    Clerk

cc:    Sean Lafferty, Esq.
        Carrie A. Dunsmore, Esq.

# United States Court of Appeals for the Federal Circuit

2007-3309

MARIO A. GONZALEZ,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752050262-C-1.

BRYSON, Circuit Judge, with whom MICHEL, Chief Judge, and LOURIE, RADER, PROST, and MOORE, Circuit Judges, join, concurring in the order denying rehearing en banc.

The Supreme Court has instructed us that a "waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Peña, 518 U.S. 187, 192 (1996). The Back Pay Act, 5 U.S.C. § 5596, is clearly sufficient under that standard to waive the government's sovereign immunity for back pay awards to employees who have been improperly removed or suspended. The problem in this case is that Congress did not incorporate the Back Pay Act in the Ford Act, 49 U.S.C. § 40122(g)(3), the 2000 statute that restored the right to Merit Systems Protection Board review for Federal Aviation Administration Employees. Mr. Gonzalez is therefore compelled to rely on a "back-up" statute, 5 U.S.C. § 1204(a)(2), as the source for the necessary waiver of sovereign immunity. That statute, however,

makes no reference to back pay. It grants the Board authority to order agencies to comply with its decisions, but does not specify what remedies those orders may include. That language does not appear to constitute an "unequivocal" expression of a waiver of sovereign immunity as to back pay, particularly as applied to a statute in which Congress has omitted to incorporate the Back Pay Act itself.

The Back Pay Act and its predecessors have expressly authorized back pay for improperly removed or suspended federal employees since 1948, see Pub. L. No. 80-623, 62 Stat. 354 (1948). This court's decisions in Kerr v. National Endowment for the Arts, 728 F.2d 730 (Fed. Cir. 1984), Worthington v. United States, 168 F.3d 24 (Fed. Cir. 1999), and Pueschel v. United States, 297 F.3d 1371 (Fed. Cir. 2002), provide no support for Mr. Gonzalez's theory in this case, as the Back Pay Act clearly waived sovereign immunity as a remedy in those cases, and the question the court addressed was whether the Board had the statutory authority to enforce that remedy.[1] The more pertinent precedent is Hubbard v. Merit Systems Protection Board, in which this court held that a statute that authorized the Board to take "corrective action" did not express "a clear and unequivocal intent to waive sovereign immunity" as to back pay awards to employees not covered by the Back Pay Act. 205 F.3d 1315, 1319 (Fed. Cir. 2000).[2]

This court's analysis of the back pay issue in Hubbard is consistent with the Supreme Court's decision in United States v. Hopkins, 427 U.S. 123 (1976). In that

---

[1]    Wallace v. OPM, 283 F.3d 1360 (Fed. Cir. 2002), involved an action for retirement benefits, not back pay, and does not address the question whether section 1204(a)(2) authorizes an award of back pay in the absence of the Back Pay Act.

[2]    In so holding, the Hubbard court declined an invitation to read the Court of Claims' decision in Goodwin v. United States, 118 F. Supp. 369 (Ct. Cl. 1954), as holding that a statute authorizing the Civil Service Commission to order "corrective action" for an improperly demoted employee effected a waiver of sovereign immunity.

case, the Court stated that the Back Pay Act is "the means by which appointed employees subjected to unjustified personnel action are given a cause of action against the United States." The Act, the Court explained, "is made necessary by the fact that, absent specific command of statute or authorized regulation, an appointed employee subjected to unwarranted personnel action does not have a cause of action against the United States." Id. at 128. Section 1204, which gives the Board the authority to order a federal agency to comply with a Board decision, does not constitute a "specific command of statute" to award back pay.[3]

To be sure, Congress's omission of the Back Pay Act from the Ford Act is puzzling. It may simply have been the product of an oversight. Whatever the explanation for Congress's action in leaving the Back Pay Act out of Ford Act, this much is clear—the issue presented in this case is far better dealt with by Congress than by a court. In fact, a legislative proposal to reinstate the Back Pay Act in cases such as this one is under active consideration in Congress, having already passed the House of Representatives. FAA Reauthorization Act of 2009, H.R. 915, 111th Cong. § 603

---

[3]    This case differs from West v. Gibson, 527 U.S. 212 (1999), in which the Supreme Court held that the Equal Employment Opportunity Commission was authorized to grant compensatory damages to victims of discrimination in federal employment based on a statute that empowered the Commission to grant "appropriate remedies." As the Supreme Court pointed out in Gibson, 527 U.S. at 222, there was no dispute that a 1991 statute waived sovereign immunity with respect to grants of compensatory damages for federal employees who succeeded in proving discrimination; the only question was whether the Commission's statute authorized it to grant that remedy. Here, by contrast, the whole dispute is over whether, as to employees covered by the Ford Act, sovereign immunity as to back pay has been waived at all. The Gibson case would be quite different—and similar to this case—if there were no other statutory source of entitlement to compensatory damages and the employee had to rely on the "appropriate remedies" language both to waive sovereign immunity as to compensatory damages and to give the Commission the authority to make the award.

(2009). For all these reasons, I agree with the court's decision not to grant rehearing en banc.

# United States Court of Appeals for the Federal Circuit

2007-3309

MARIO A. GONZALEZ

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752050262-C-1.

DYK, Circuit Judge, with whom NEWMAN, SCHALL, GAJARSA, and LINN, Circuit Judges, join, dissenting from the denial of the petition for rehearing en banc.

Today this court denies en banc review of a decision denying Mr. Gonzalez and tens of thousands of other Federal Aviation Administration (FAA) employees the most fundamental of Merit Systems Protection Board ("Board") employment remedies—back pay.[1]  In my view, the decision misconstrues the congressional decision to restore the Board's authority over FAA employees, improperly limits the traditional remedial authority of the Board, and ignores precedent.  This case involves a significant question and warrants en banc review.  I dissent from the denial of en banc review.

---

[1]    The decision indeed appears to have consequences beyond FAA employees.  Although, in general, former employees are covered by some aspects of the Back Pay Act, 5 U.S.C. § 5596, the Act does not appear to apply to former employees seeking pay or benefits that were unlawfully denied by the agency after the employment ended, such as retirement payments, separation or severance payments, lump-sum annual leave payments, or other benefits such as retirement medical benefits.  See Wallace v. OPM, 283 F.3d 1360, 1361-64 (Fed. Cir. 2002).

The decision in this case involves the simple question whether the Board under the general remedial authority of 5 U.S.C. § 1204 has the authority to award back pay when the Back Pay Act, 5 U.S.C. § 5596, is inapplicable. The Back Pay Act is inapplicable to FAA employees because Congress in 1995, as part of an experiment, deprived the Board of jurisdiction over FAA employees' adverse action appeals. When Board jurisdiction was restored in 2000 in the Ford Act, Pub. L. No. 106-181, § 307(a), 114 Stat. 61, Congress reinstated Board authority to hear such appeals by making § 1204 applicable. But Congress did not make the Back Pay Act applicable, perhaps because Congress did not wish to make the Board remedy more generous (by providing for interest and attorney fees) than the internal remedial procedure, which explicitly did not allow "either interest or attorney fees." FAA Personnel Management System ch. II, § 9(g) (March 28, 1996).

Our past decisions have expressly recognized that the Board has authority under § 1204 to award back pay without regard to the Back Pay Act. As summarized in Pueschel v. United States, 297 F.3d 1371, 1378 (Fed. Cir. 2002) (emphasis added):

> We have previously interpreted section 1204(a) as constituting a "broad grant of enforcement power" for the MSPB to ensure that agencies restore improperly discharged employees to the status quo ante. Kerr v. Nat'l Endowment for the Arts, 726 F.2d 730, 733 (Fed. Cir. 1984). The MSPB thus has authority to adjudicate the merits of petitions for enforcement alleging error by an agency in awarding back pay pursuant to an MSPB order reversing a personnel action.

See also Wallace, 283 F.3d at 1364 (stating that the Board has authority to award back retirement pay, but not interest, "pursuant to the Board's enforcement authority under 5 U.S.C. § 1204(a)(2)").

Similarly, a long line of cases stretching back over a century—and long predating the Back Pay Act—established that back pay is available as a remedy for a wrongful personnel action. As the Supreme Court stated, "[w]here an officer is wrongfully suspended . . . he ought to be, and is, entitled to the compensation provided by law during such suspension." United States v. Wickersham, 201 U.S. 390, 399 (1906). In Wickersham, the Supreme Court held that back pay was available even without an explicit statutory authority authorizing back pay, and specifically approved Lellman, a decision of our predecessor court. Id. As stated in Lellman, "where a person is unjustly suspended in the exercise of official duty . . . the party is entitled to whatever emoluments there might be due him during the time of such suspension." Lellman v. United States, 37 Ct. Cl. 128, 135 (1902).

Thereafter, again before the Back Pay Act, the Court of Claims repeatedly held that the Civil Service Commission (the Board's predecessor) had the authority to award back pay. E.g., Goodwin v. United States, 127 Ct. Cl. 417 (1954) (finding authority to mandate the payment of back pay, and stating that "the most important element of relief for wrongful demotion, next to restoration to his former status, was back pay"); Lamb v. United States, 116 Ct. Cl. 325, 375 (1950) (holding that reinstatement was insufficient to remedy a wrongful suspension and that back pay must be awarded as "the amount he would have received had he been retained in his job during that period less any amount he might have earned elsewhere").

Congress, in enacting the Back Pay Act in 1966, recognized that the Act would merely supplement the already "well established" authority to award back pay. H.R. Rep. No. 89-32, at 2 (1965). The Back Pay Act broadly covers federal employee

actions, including those not within the Board's jurisdiction (such as federal labor violations under 5 U.S.C. § 7118), and those initiated by employees outside the civil service (such as employees of the District of Columbia). 5 U.S.C. § 5596. Unlike prior authority, the Back Pay Act provided for interest and attorney fees. The Back Pay Act has been regarded since its inception as merely supplementary, as noted in the House report, which confirmed that the Act was "basically perfecting legislation" to fill "gaps in coverage," and stated: "Most adverse personnel actions where backpay is justified are already covered in some way by current authorities and the principal of backpay as a part of corrective action is well established." H.R. Rep. No. 89-32, at 2 (1965) (emphasis added).

Until the majority panel decision here, no case had questioned the authority of the Board to award back pay under the general authority of § 1204. The Board explicitly inherited the authority of the Civil Service Commission, including the authority to award back pay. Reorganization Plan No. 2 of 1978, § 202 (May 23, 1978), reprinted in 1978 U.S.C.C.A.N. 9801, 9803-04. Indeed, Congress viewed the Civil Service Reform Act of 1978 as "increasing the authority and powers of the Merit Systems Protection Board in processing hearings and appeals affecting Federal employees." Pub. L. No. 95-454, Section 3(3), 92 Stat. 1111 (1978) (emphasis added). The Civil Service Reform Act made clear that the preexisting authority to award back pay continued under what is now § 1204. Section 1204 provides that the Board shall "adjudicate . . . all matters within the jurisdiction of the Board under this title, chapter 43 of title 38, or any other law, rule, or regulation," and "order any Federal agency or employee to comply with any

order or decision issued by the Board under the authority granted under paragraph (1) of this subsection and enforce compliance with any such order."

The concurrence suggests that the decision in Hubbard v. Merit Systems Protection Board, 205 F.3d 1315, 1319 (Fed. Cir. 2000), though not cited by the panel majority, is most pertinent and notes that Hubbard held that the Board's authority to award "corrective action" in whistleblower cases under 5 U.S.C. § 1214 did not waive sovereign immunity as to back pay awards. The concurrence suggests that likewise § 1204 does not achieve a waiver of sovereign immunity. I respectfully disagree. The language of § 1204 authorizing the Board to "adjudicate . . . all matters within the jurisdiction of the Board" and to "order any Federal agency or employee to comply with any order or decision issued by the Board" is far broader than the "corrective action" language of § 1214. Moreover, 5 U.S.C. § 7701, which also defines the Board's authority, was also made applicable to the Board by the Ford Act. It clearly assumes that the Board has authority to award back pay, specifically referencing limits on this authority before the Board decision is final. 5 U.S.C. § 7701(b)(2)(C).

Neither do I think that § 1204 can be read as failing to achieve waiver of sovereign immunity. It is unquestioned that the broad and general language of § 1204 authorizes the Board to order reversal of an adverse personnel action, and, pursuant to such a reversal, order reinstatement and other specific relief, even though reinstatement is not mentioned specifically. Such relief cannot be awarded unless the general language of § 1204 constitutes a waiver of sovereign immunity. Under the theory of the concurrence, the contrary holding of the panel here would call into question the Board's authority to award any relief because § 1204 would not waive sovereign immunity.

Hubbard is not an en banc decision, and there is a substantial question whether it was correctly decided in light of the Supreme Court's decision in West v. Gibson, 527 U.S. 212 (1999). The Supreme Court's decision in Gibson—which was not cited in Hubbard—strongly supports construing § 1204 as waiving sovereign immunity with respect to monetary relief. There the Court, distinguishing its earlier decision in Lane v. Peña, 518 U.S. 187 (1996), found that 42 U.S.C. § 2000e-16(b), conferring on the Equal Employment Opportunity Commission ("EEOC") authority to award "appropriate remedies," included the authority to award compensatory damages. This was so even though compensatory damages were not mentioned in the statute and other remedies—reinstatement and back pay—were specifically mentioned. The Court reasoned that, because Congress had elsewhere made clear that compensatory damages were an "appropriate remedy," the authority granted to the EEOC by the statute included the authority to award compensatory damages. Gibson, 527 U.S. at 217-19. So here, where Congress has made clear that historically back pay is an integral part of the authority to reverse a removal or other adverse personnel action, back pay is an appropriate remedy under § 1204.

The decision in this case renders the Board unable to award a "make whole" remedy for FAA employees under § 1204. This ignores Congress's clear intention in the Ford Act to provide for meaningful Board review for these employees with the authority to return employees who are wrongly subjected to an adverse personnel action to the status quo ante. At the end of the day, even if § 1204 were less than clear, the issue here is important, involving the scope of the Board's authority with respect to FAA employees and other claimants not subject to the Back Pay Act. We should

resolve this issue en banc. The fact that Congress might correct the problem as to FAA

employees should not prevent us from correcting an error of our own making.