*1370 BRYSON, Circuit Judge,
with whom MICHEL, Chief Judge, and LOURIE, RADER, PROST, and MOORE, Circuit Judges, join, concurring in the order denying rehearing en banc.
The Supreme Court has instructed us that a “waiver of the Federal Government’s sovereign immunity must be unequivocally expressed in statutory text, and will not be implied.” Lane v. Peña, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). The Back Pay Act, 5 U.S.C. § 5596, is clearly sufficient under that standard to waive the government’s sovereign immunity for back pay awards to employees who have been improperly removed or suspended. The problem in this case is that Congress did not incorporate the Back Pay Act in the Ford Act, 49 U.S.C. § 40122(g)(3), the 2000 statute that restored the right to Merit Systems Protection Board review for Federal Aviation Administration Employees. Mr. Gonzalez is therefore compelled to rely on a “backup” statute, 5 U.S.C. § 1204(a)(2), as the source for the necessary waiver of sovereign immunity. That statute, however, makes no reference to back pay. It grants the Board authority to order agencies to comply with its decisions, but does not specify what remedies those orders may include. That language does not appear to constitute an “unequivocal” expression of a waiver of sovereign immunity as to back pay, particularly as applied to a statute in which Congress has omitted to incorporate the Back Pay Act itself.
The Back Pay Act and its predecessors have expressly authorized back pay for improperly removed or suspended federal employees since 1948, see Pub.L. No. 80-623, 62 Stat. 354 (1948). This court’s decisions in Kerr v. National Endowment for the Arts, 726 F.2d 730 (Fed.Cir.1984), Worthington v. United States, 168 F.3d 24 (Fed.Cir.1999), and Pueschel v. United States, 297 F.3d 1371 (Fed.Cir.2002), provide no support for Mr. Gonzalez’s theory in this case, as the Back Pay Act clearly waived sovereign immunity as a remedy in those cases, and the question the court addressed was whether the Board had the statutory authority to enforce that remedy.[1] The more pertinent precedent is Hubbard v. Merit Systems Protection Board, in which this court held that a statute that authorized the Board to take “corrective action” did not express “a clear and unequivocal intent to waive sovereign immunity” as to back pay awards to employees not covered by the Back Pay Act. 205 F.3d 1315, 1319 (Fed.Cir.2000).[2]
This court’s analysis of the back pay issue in Hubbard is consistent with the Supreme Court’s decision in United States v. Hopkins, 427 U.S. 123, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976). In that case, the Court stated that the Back Pay Act is “the means by which appointed employees subjected to unjustified personnel action are given a cause of action against the United States.” The Act, the Court explained, “is made necessary by the fact that, absent specific command of statute or authorized regulation, an appointed employee subjected to unwarranted personnel action does not have a cause of action against the United States.” Id. at 128, 96 S.Ct. 2508. Section 1204, which gives the Board the authority to order a federal agency to com *1371 ply with a Board decision, does not constitute a “specific command of statute” to award back pay.[3]
To be sure, Congress’s omission of the Back Pay Act from the Ford Act is puzzling. It may simply have been the product of an oversight. Whatever the explanation for Congress’s action in leaving the Back Pay Act out of Ford Act, this much is clear — the issue presented in this case is far better dealt with by Congress than by a court. In fact, a legislative proposal to reinstate the Back Pay Act in cases such as this one is under active consideration in Congress, having already passed the House of Representatives. FAA Reauthorization Act of 2009, H.R. 915, 111th Cong. § 603 (2009). For all these reasons, I agree with the court’s decision not to grant rehearing en banc.

. Wallace v. OPM, 283 F.3d 1360 (Fed.Cir. 2002), involved an action for retirement benefits, not back pay, and does not address the question whether section 1204(a)(2) authorizes an award of back pay in the absence of the Back Pay Act.

. In so holding, the Hubbard court declined an invitation to read the Court of Claims' decision in Goodwin v. United States, 127 Ct.Cl. 417, 118 F.Supp. 369 (1954), as holding that a statute authorizing the Civil Service Commission to order "corrective action” for an improperly demoted employee effected a waiver of sovereign immunity.

. This case differs from West v. Gibson, 527 U.S. 212, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999), in which the Supreme Court held that the Equal Employment Opportunity Commission was authorized to grant compensatory damages to victims of discrimination in federal employment based on a statute that empowered the Commission to grant "appropriate remedies.” As the Supreme Court pointed out in Gibson, 527 U.S. at 222, 119 S.Ct. 1906, there was no dispute that a 1991 statute waived sovereign immunity with respect to grants of compensatory damages for federal employees who succeeded in proving discrimination; the only question was whether the Commission’s statute authorized it to grant that remedy. Here, by contrast, the whole dispute is over whether, as to employees covered by the Ford Act, sovereign immunity as to back pay has been waived at all. The Gibson case would be quite different — and similar to this case — if there were no other statutoiy source of entitlement to compensatory damages and the employee had to rely on the "appropriate remedies” language both to waive sovereign immunity as to compensatory damages and to give the Commission the authority to make the award.